TAYLOR & FARLEY ORGAN CO. *v.* STARKEY.

The authority of an agent to sell goods is not authority to exchange them in barter.

TROVER, for an organ. Facts found by the court. The organ was delivered by the plaintiffs to one Davis, under a contract, in writing, in which it was, among other things, stipulated that Davis should make efforts to sell it for them, and pay over the proceeds less his commissions. It was agreed that the plaintiffs should not part with their title until they were paid. The contract was admitted in evidence, subject to the defendant's exception.

The defendant received the organ of Davis in exchange for a buggy and $40 cash. When the exchange was made, Davis in-

formed the defendant that he was the plaintiffs' agent. The organ was demanded before this suit was brought.

*Healey* and *Lane*, for the plaintiffs.

*Faulkners & Batchelder*, for the defendant.

STANLEY, J.   The contract between the plaintiffs and Davis was properly admitted.   It was evidence of the agreement under which Davis was in possession, and tended to show that his authority was to sell, and not to exchange.   In the absence of evidence to the contrary, to sell means to sell for cash.   Davis, having no authority except to sell for cash, could not lawfully exchange for other property, either in whole or in part (Story Agency, *s.* 78), and if he did the title would not pass, for the plaintiffs did not hold Davis out, or authorize him to hold himself out, as owner of the organ.   *Holton* v. *Smith*, 7 N. II. 446 ; *Burnham* v. *Holt*, 14 N. H. 367 ; *Towle* v. *Leavitt*, 23 N. H. 360.

> *Judgment for the plaintiffs.*

CLARK, J., did not sit : the others concurred.