## WILLIAM B. SPENCER *vs.* JOSEPH LAWTON.

A. and B. made a verbal agreement by which B., as A.'s agent, was to buy certain land, take the deed in his own name, hold it till A. was ready to pay for it, and then, retaining a part of the land for his services, convey the rest to A. The purchase was made by B., who refused to carry out the contract, whereupon A. sued in *assumpsit* for damages arising from the breach. B. pleaded under the statute of frauds that the agreement was not in writing, to which plea A. demurred :

*Held*, that the plea was good and that the action could not be sustained.

EXCEPTIONS to the Court of Common Pleas.

*April* 12, 1884. DURFEE, C. J. The case set forth in the declaration, if we correctly understand the declaration, which is not entirely clear, is this : On July 17, 1880, an estate, consisting of several lots of land, belonging to the plaintiff's wife, subject to a mortgage, was offered for sale at public auction under the mortgage by the mortgagee, and the plaintiff, wishing to become the owner of it, employed the defendant as his agent to buy it for him on the following terms, to wit : the defendant was to bid off the estate, pay for it, and take the deed in his own name, hold the estate until the plaintiff was ready to pay for it, and have for his services one of the lots. The defendant bid off the estate for $2,955, and agreed to convey it or have it conveyed, except said lot, to the plaintiff, whenever the plaintiff should be ready to take it, and pay him what it had cost him, including the cost of improvements, except improvements on the lot which he was to retain, and he afterwards, to wit, on July 24, 1880, took a deed of the estate in his own name. The declaration alleges that subsequently the plaintiff, being ready to take and pay for the estate, called upon the defendant to carry out the contract, and the defendant refused to do it. The plaintiff sues in *assumpsit* for damages for breach of the contract. The defendant pleads specially that the contract declared on was not in writing. The plaintiff demurred to the plea. The court below overruled the demurrer and sustained the plea. The case is here on exceptions, the only question argued to us being whether the contract is under our statute of frauds, Pub. Stat. R. I. cap. 204, § 7, which provides that no action shall be brought " to charge any person upon any contract for the sale of lands, tenements, or hereditaments "

. . . " unless the promise or agreement upon which such action shall be brought, or some note or memorandum thereof, shall be in writing." The plaintiff contends that the contract does not fall under this provision, but is simply a contract of agency whereby the defendant agreed to perform certain services for him as his agent, some of which he has refused to perform.

We do not think the action can be sustained. The fact that the defendant bought the estate for the plaintiff, as his agent, does not make him any the less its legal owner, and therefore his agreement to convey the greater part of it to the plaintiff for what he paid for the whole of it is, notwithstanding the agency, an agreement to sell the greater part of it for the price which the defendant paid for the whole of it. There are numerous cases which support this view. *Bartlett* v. *Pickersgill*, 4 East, 577, note ; *Botsford* v. *Burr*, 2 Johns. Ch. 406, 409 ; *Lathrop* v. *Hoyt*, 7 Barb. S. C. 59, approved in *Wheeler* v. *Reynolds*, 66 N. Y. 227, 236 ; *Bauman* v. *Holzhausen*, 26 Hun, 505 ; *Levy* v. *Brush*, 45 N. Y. 589 ; *Harrison* v. *Bailey*, 14 S. Car. 334 ; *Jackman* v. *Ringland*, 4 W. & Serg. 149 ; *Payne's Adm'r* v. *Patterson's Adm'rs*, 77 Pa. St. 134 ; *Howland* v. *Blake*, 7 Otto, 624 ; *Wetmore* v. *Neuberger*, 44 Mich. 362 ; *Horsey* v. *Graham*, L. R. 5 C. P. 9. In most of these cases the attempt was to charge the purchaser as trustee and the attempt failed, but in all of them the contract was recognized as a contract for the sale of land or for the creation of an interest or trust in land, and therefore ineffectual because not in writing.                                   *Exceptions overruled.*

*Ira O. Seamans*, for plaintiff.
*John J. Arnold*, for defendant.