### HAYES v. COLBY.

An agent whose authority is limited to obtaining orders for a commodity in which his principal deals, cannot bind the principal to a bargain whereby he receives merchandise by way of payment for goods ordered by him from the principal for one having no knowledge of the extent of the agency.

ASSUMPSIT, for cigars.    Facts found by the court.    About December 8, 1887, R. A. St. Clair, agent for the plaintiff, who deals in cigars and resides in Lowell, called on the defendant at his hotel in Sunapee and solicited trade.    He had authority only to take orders for cigars, none to receive payment in money or otherwise. The defendant knew that he was the plaintiff's agent, but did not know the extent or limit of his authority, or that he was not authorized to receive payment.    The defendant delivered to St. Clair $35 worth of hosiery, for which St. Clair agreed that the plaintiff should send him the cigars in question.    St. Clair sent an order to the plaintiff for the cigars in the ordinary way, not informing him of the contract with the defendant, or that he had received pay for them.    The plaintiff forwarded the cigars, and the defendant received and sold them in the usual course of business to his customers.    A short time after December 8, St. Clair absconded.

A. S. Wait, for the plaintiff.

G. R. Brown, for the defendant.

CLARK, J.    The defendant knew that he was dealing with an agent, but did not know the extent of his authority.    There is no evidence of previous dealings or holding out by the plaintiff, or of any facts that would lead the defendant to believe that the agent's authority exceeded that ordinarily incident to the business of a soliciting agent to take orders for goods to be afterwards delivered by the plaintiff.    The agent did not have the goods in his possession, and no circumstances are shown that would indicate that he was authorized to receive payment for goods which he could not deliver.    And if the defendant had reasonable cause for believing that he was dealing with an agent authorized to make sales and receive payment, he had no reasonable cause for believing that the agent was authorized to exchange the plaintiff's goods for hosiery, or to receive payment in anything but money.    The plaintiff did not hold him out as having that authority, and it is not implied from ordinary business usages.    An authority of an agent to sell goods is not an authority to exchange them in barter.    *Taylor & Farley Organ Co.* v. *Starkey,* 59 N. H. 142.    The trade being unauthorized by the plaintiff, there was no sale of the goods ; but the defendant having received them, and sold and converted them into money, the plaintiff can maintain an action for money had and received for the avails, or he may maintain trover for the conversion of the property, and the goods having been sold no previous demand is necessary.    *White* v. *Brooks,* 43 N. H. 402; *Gould* v. *Blodgett,* 61 N. H. 115.    Upon making such amendment at the trial term as may be necessary (*Merrill* v. *Perkins,* 59 N. H. 343, *Peaslee* v. *Dudley,* 63 N. H. 220, *Morse* v. *Whitcher,* 64 N. H. 591), there will be

*Judgment for the plaintiff.*

CARPENTER, J., did not sit: the others concurred.