Rockingham, }
June, 1894. }

## McDONALD v. METROPOLITAN LIFE INSURANCE Co.

One who ratifies the unauthorized act of an agent is chargeable with the latter's knowledge of material facts, and must repudiate the act *in toto*, if at all.

If a life insurance policy is void by reason of false representations of material facts, made without design on the part of the applicant and with full knowledge of the company's agent, the insured may recover the premiums paid, less the value of insurance enjoyed by him, in an action brought in his own name for money had and received.

ASSUMPSIT, for money had and received. Facts agreed.

The defendants insured the plaintiff's life for the benefit of his wife, and the action was brought to recover the sums paid as premiums on the policy. The plaintiff signed an application and a medical examination, each of which stated as his occupation, "laborer," and that he was not connected in any way with the ale, wine, or liquor business. The application stated that the signer thereby declared and warranted that the representations and answers made therein and in the medical examination were strictly correct and wholly true; that they should form the basis and become part of the contract of insurance; and that any untrue answers would render the policy null and void. The policy provided that the application should be a part of the contract, and was made subject to certain conditions, one of which was that the person insured should not be connected in any capacity with the ale, wine, or liquor business, unless so specified in the application, or unless the permission of the company should be indorsed on the policy; another, that agents were not authorized to make, alter, or discharge contracts or to waive forfeitures; and another, that, if any of the warranties referred to were not true, or if the conditions of the policy were not in all respects observed, the policy should thereupon become void, and whenever the policy should terminate all premiums paid should be forfeited to the company.

The plaintiff was by trade a mason, but had a small grocery store in which, when not employed at his trade, he sold ale,

wine and liquor, as well as groceries. The application was taken by a soliciting agent of the defendants, who knew the plaintiff's business, and the defendants' agents who collected the premiums on the policy had like knowledge. The defendants' assistant superintendent of agents for the district in which the plaintiff lived, whose powers were to act as soliciting agent and to supervise the other soliciting agents of the district, was at the plaintiff's store at least twelve times during the continuance of the policy for the purpose of inspecting the agent's work, knew the business there carried on, and made no objection. The defendants had no knowledge that the plaintiff was engaged in the ale, wine and liquor business, except the knowledge of their agents as above stated, until the policy had been running nearly three years, when they offered to give him permission to engage in that business and to continue the policy, on condition that the amount of the policy should be reduced, but the amount of the premiums should remain as before. On his refusal to accept the condition, they declared the policy forfeited and lapsed.

The application was written by the defendants' soliciting agent, and neither that nor the policy was ever read by or to the plaintiff. The plaintiff did not know the contents of either, or that the defendants objected to his business, until their offer above mentioned. He made no attempt to conceal his business.

*Ernest L. Guptill*, for the plaintiff.

*Drummond & Drummond* (of Maine), for the defendants.

BLODGETT, J. In receiving the application the agent clearly represented the defendants. *Eastman* v. *Association*, 65 N. H. 176. Whether in filling it up he technically represented them or the plaintiff is not important. In either case, the defendants cannot set up the false description of the risk against the plaintiff as a warranty. And the reason for this is, that it would be a fraud on their part to hold him to the truth of the representation which he did not in fact make, and of whose falsity they must be deemed to have had notice.

By issuing the policy the defendants ratified the agent's action in taking the application, and became chargeable with his knowledge of the plaintiff's business; and by receiving the subsequent premiums, collected by their agents with full knowledge of the business, they continued to be chargeable with such knowledge so long as they accepted the premiums. This estops them from taking to themselves the benefit of the false representation without responsibility for it. They cannot adopt that part of the agent's acts beneficial to them, and reject the rest. " With the benefit they must accept the burden." *Eastman* v. *Association, supra ; Rader's Adm'r* v. *Maddox*, 150 U. S. 128. They are

bound to repudiate the agent's acts *in toto*, or not at all. The contract must stand or fall as an entirety.

As a corollary from the preceding propositions, the termination of the contract by the defendants did not forfeit to them the premiums already paid upon it. But this is so for another reason, to which no exception can with fairness, be taken. No fraud is imputable to the plaintiff. On the contrary, the facts show that both parties acted in good faith, and were alike deceived by the agent. By his fraudulent conduct the plaintiff was unwittingly placed in the position of making a false representation for the purpose of securing a valuable contract which, upon a truthful statement of his occupation, could not have been obtained; and by that representation the defendants were induced to consummate the contract, and subsequently to terminate it. "When both the insured and the insurer are deceived by fraudulent acts of an agent . . . if both parties acted *bona fide*, the policy should be canceled and the premiums returned." *N. Y. Life Ins. Co.* v. *Fletcher*, 117 U. S. 519. In such a case, the insurer cannot take advantage of a provision of the policy that "whenever, for any cause, this policy shall terminate, all premiums paid shall be forfeited to the company," because, in the language of *Miller*, J., in *Ins. Co.* v. *Wilkinson*, 13 Wall. 222, 233, it "would be an act of bad faith and of the grossest injustice and dishonesty." See, also, *McKee* v. *Phœnix Ins. Co.*, 28 Mo. 383,— 75 Am. Dec. 129, 130.

In the absence of any forfeiture, it is instinctively manifest that when such a contract is terminated by the insurer from a cause like the one disclosed by this case, the insured should have some compensation or return for the money already paid on the contract. He has an equitable and, in our opinion, a legal right to have this amount restored to him, subject to a deduction for the value of the insurance enjoyed by him during the existence of the policy,— in other words, he is entitled to have the equitable value of his policy (*N. Y. Life Ins. Co.* v. *Statham*, 93 U. S. 24, 33, 34); and this he may recover in an action for money had and received, which is an equitable action and may, in general, be maintained whenever the defendant has money belonging to the plaintiff which in equity and good conscience he ought to refund to him.

The objection that the action should have been brought in the wife's name, is of little practical consequence. If the objection is well taken, she may be substituted as plaintiff by amendment. *Boudreau* v. *Eastman*, 59 N. H. 467. An inspection of the policy, however, shows the plaintiff, and not his wife, to have been the party to the contract with the defendants. It was made upon his application; it was issued to him as the assured; the premiums were paid by him; and it was his interest in his own life that supported the policy. The fact that the policy was for the ben-

efit of his wife did not make her the assured, but merely the person designated by agreement of the parties to receive the proceeds of the policy upon the death of the assured. As such, she had the equitable interest in the policy, but not the title to support an action at law upon it in her own name against the defendants, or for the recovery of the premiums paid by her husband. *Campbell* v. *N. E. Mutual Life Ins. Co.*, 98 Mass. 381, 389, 400, 401.

                                                *Case discharged.*

All concurred.