Merrimack, }
Dec., 1900. }

## BOHANAN *v.* BOSTON & MAINE RAILROAD.

Testimony as to the statements of an alleged agent respecting his authority is not admissible to prove the same.

Evidence that a railroad company recognized the settlement of a claim for damages, by the payment of money and the furnishing of work for a limited period, is not sufficient to establish an agent's authority to promise employment during good behavior in adjustment of the controversy.

The mere fact that a person is a general agent to adjust claims against a railroad company does not warrant a finding that one dealing with such agent was justified in believing him to be authorized to promise unlimited employment, in the absence of evidence that such is a usual and ordinary method of settlement.

Where the agent of a railroad company has without authority promised a certain sum and employment during good behavior in adjustment of a claim for damages, payment of the money and the furnishing of work for a lim-

ited period does not amount to a ratification, unless the principal is charge-
able with knowledge that the unauthorized promise constituted a part of
the consideration for the settlement.

A principal is chargeable with knowledge of his agent as to such matters only
as are within the scope of the latter's employment.

ASSUMPSIT. The plaintiff's evidence tended to prove that he
was injured in 1896, while working for the defendants, and released
them from liability on account of his injury in consideration of the
promise of John H. Brown, their claim agent, that they would
give him $500 and furnish him steady employment during good
behavior. They paid the money and furnished him some work for
two or three years, but have failed to give him steady employment.
Brown told the plaintiff on the day of the settlement that he was
authorized to make it, and talked in regard to it with one Mooney,
who was employed by the defendants to hire the train-men and
arrange the running of the trains on the Concord division of their
road. Later, the plaintiff complained to Mooney that the defend-
ants were not doing as they agreed by him; and Mooney said he
would see that the plaintiff had what belonged to him; and for a
short time thereafter he was given steady work. A nonsuit was
ordered at the close of the plaintiff's evidence, and he excepted.

*Sargent & Niles*, for the plaintiff.

*Streeter, Walker & Hollis*, for the defendants.

YOUNG, J. The contract of an agent binds his principal only (1)
when he authorizes his agent to make it, (2) when he gives the
person dealing with his agent reason to believe that he has author-
ized it, and (3) when he ratifies it.

The testimony of the plaintiff's witnesses as to what Brown said
respecting his authority when he made this settlement was inad-
missible to prove that he was authorized to make it, for an agent's
authority to make a particular contract cannot be proved by show-
ing that he said he was authorized to make it; so there was no
direct evidence of Brown's authority to act for the defendants.
The only facts shown which tended to prove that he had such
authority were their holding him out as their claim agent, and
recognizing this settlement so far as to pay the money he prom-
ised and to furnish work for a time. Although these facts tend to
prove that he was authorized to promise money, and work for a
limited time, in settlement of such claims, they have no tendency
to prove that he was authorized to promise anything else; for
although the authority of an agent to make a particular contract

may be proved by showing specific instances of the business he is accustomed to transact for his principal, the jury can only find from such evidence an authority to make contracts which are similar to those he is shown to have made. *Gillis* v. *Bailey*, 17 N. H. 18, 22; *Ames* v. *Drew*, 31 N. H. 475, 482. If the jury could find from such evidence that an agent was authorized to make a different kind of contract, it would only be necessary to show that he had made a contract which his principal recognized to establish his authority to make any contract that the principal could make for himself. So if the jury could find from this evidence that Brown was authorized to promise work for life in settlement of the plaintiff's claim, they could also find that he was authorized to promise the entire earnings of the road for the same period, or to give the whole of its rolling-stock in settlement.

There is no evidence that the plaintiff had a right to believe that Brown was authorized to make this settlement, for the only thing the defendants are shown to have done which tended to prove that Brown had any authority to act for them was to hold him out as their claim agent. Giving this fact the construction claimed for it by the plaintiff, Brown was their general agent to settle claims. The duties of a claim agent are not prescribed by law, and it is not a matter of common knowledge that they are entrusted with greater authority than other general agents. Such agents are only clothed, as a matter of law, with authority to employ the usual and ordinary means of accomplishing that for which the agency was created. *Backman* v. *Charlestown*, 42 N. H. 125, 131; *Flanders* v. *Putney*, 58 N. H. 358. So, although the jury could find, from the fact that Brown was the defendants' general agent for this purpose, that the plaintiff was justified in believing Brown was authorized to employ the usual and ordinary means for effecting a settlement with him, they could not find, from this fact alone, that he was justified in believing that Brown was authorized to use extraordinary and unusual means to effect it. What are the usual and ordinary methods of settling such claims, is a question of fact to be decided, like all such questions, by the weight of evidence; and there was no evidence that corporations are accustomed to give employment for life, or anything except money, for this purpose. *Taylor etc. Co.* v. *Starkey*, 59 N. H. 142; *Hovey* v. *Brown*, 59 N. H. 114, 116; *Hayes* v. *Colby*, 65 N. H. 192.

There is no evidence that the defendants have ratified this settlement. Paying the money Brown promised and furnishing a part of the work did not amount to a ratification unless they knew, or ought to have known, when they did so, that Brown's promise to give the plaintiff steady employment constituted a part of the consideration for this settlement; for a principal only ratifies such of

the unauthorized acts of his agents as he adopts with a knowledge of all the facts essential to an understanding of his rights. *Gould* v. *Blodgett*, 61 N. H. 115, 120; *McDonald* v. *Insurance Co.*, 68 N. H. 4. There is no evidence of such knowledge here, for, excepting Brown, Mooney is the only one of their servants who is shown to have known of the settlement. The knowledge of an agent is the knowledge of his principal in regard to such matters only as come within the scope of the agent's employment. It follows that the defendants are not charged with Mooney's knowledge unless it was a part of his duty to settle such claims. The only evidence respecting his duties was the testimony that he employed the help and attended to running the trains on the Concord division of the defendants' railroad. The fact that he performed these duties has no tendency to prove that settling claims was any part of his business, for it is neither an incident of the business of hiring help nor of running trains; nor is it a matter of common knowledge that an agent for these purposes usually has such authority. It is clear that Mooney's promise to give the plaintiff what belonged to him is not competent evidence of a ratification of this settlement unless there was other evidence from which the jury could find that he was authorized to employ men for life; for ordinarily an agent cannot ratify a contract he could not make. The only evidence respecting Mooney's authority to hire help was the fact that he hired them for the Concord division of the defendants' railroad. Giving this evidence the construction most favorable for the plaintiff, Mooney was their general agent to hire help, and clothed with authority to make such contracts of employment as railroad corporations usually and ordinarily make with their employees. But this will not help the plaintiff, for there is no evidence that such corporations ever employ servants for life.

The defendants are not trying to set up this settlement as a defence to an action to recover damages for the plaintiff's injury, but he is seeking to enforce it. So the question of whether they can keep its benefit and escape its burden is not here.

*Exception overruled.*

PIKE, J., did not sit: the others concurred.