*Matteson & Healy*, for plaintiffs.
*Wilson & Jenckes and William J. Brown*, for defendant.

---

## WILLIAM E. BOWEN *vs.* FRED L. SAYLES.

PROVIDENCE—MAY 22, 1901.

PRESENT: Stiness, C. J., Rogers and Blodgett, JJ.

(1) *Statute of Frauds. Equity.*

Oral agreement between A. and B., by the terms of which B. agreed to purchase certain real estate at a foreclosure sale as the agent of A. and thereafterwards reconvey the same to A. B. purchased the property and conveyed the estate to C., who was ignorant of the relation existing between A. and B. A. brought a bill in equity, praying that B. might account for any sums received by him for the sale of the estate.

B. demurred, on the ground that the undertaking was not evidenced by any agreement in writing as required by Gen. Laws cap. 233, § 6—the statute of frauds.

*Held*, that the demurrer was good.

BILL IN EQUITY seeking relief set forth in the opinion. Heard on demurrer to bill, and demurrer sustained.

BLODGETT, J.    The amended bill sets forth in substance an oral agreement that the respondent, as agent for the complainant, should purchase certain real estate in Massachusetts at a certain mortgage foreclosure sale therein specified, and should thereafterwards reconvey the same to the complainant; that the estate was sold at said foreclosure sale to the respondent for the sum of $23,000, who thereupon, as alleged in the bill, "in violation of his duty to your orator and of the terms of his said trust, refuses, and has refused, to carry out the trust imposed upon him and growing out of his said relation to your orator; but in violation of the same has conveyed the estate so held by him charged with said implied trust over to other parties whom your orator is unable to show have any knowledge of the said relation of the said Sayles to your orator hereinbefore set forth."   The bill prays that the respondent Sayles may "be compelled to account for any sums received by him for the sale of said real estate," and for further relief.

(1)    The respondent demurs, among other causes, because it appears that the alleged agreement was within the statute of frauds—Gen. Laws cap. 233, § 6, as follows:

"No action shall be brought, first:   Whereby to charge any person upon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer time than one year.   .   .   .   Unless the promise or agreement upon which such action shall be brought, or some note or memorandum thereof, shall be in writing and signed by the party to be charged therewith, or by some other person by him thereunto lawfully authorized."

In *Spencer* v. *Lawton*, 14 R. I. 494, which was an action at law for breach of a similar contract, Durfee, C. J., says:

"The fact that the defendant bought the estate for the plaintiff as his agent does not make him any the less its legal owner." And the court continues, after citing the cases supporting this view, as follows: "In most of these cases the attempt was to charge the purchaser as trustee, and the attempt failed; but in all of them the contract was recognized as a contract for the sale of land or for the creation of an interest or trust in land, and therefore ineffectual because not in writing."

Demurrer sustained, and bill dismissed with costs.

*Edward D. Bassett*, for complainant.

*Irving Champlin and James Harris*, for respondent.