Walter E. ZUKOSKI, Appellant,

v.

**BALTIMORE & OHIO RAILROAD COMPANY.**

No. 14045.

United States Court of Appeals Third Circuit.

Argued Dec. 14, 1962.

Decided Dec. 28, 1962.

Rehearing Denied March 29, 1963. As Amended April 4, 1963.

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

Sydney R. Prince, Jr., Baltimore, Md. (E. V. Buckley, John Repcheck, Pittsburgh, Pa., on the brief), for appellee.

Before KALODNER and FORMAN, Circuit Judges and ROSENBERG, District Judge.

PER CURIAM.

Upon review of the record we find no error. The Order for Judgment of the District Court will be affirmed.

On Petition for Rehearing

Before BIGGS, Chief Judge, and McLAUGHLIN, KALODNER, HASTIE, GANEY and SMITH, Circuit Judges.

KALODNER, Circuit Judge.

The appellant has petitioned for rehearing of our per curiam affirmance on December 28, 1962 of the Order of Judg-

ment[1] of the District Court. He also petitions for modification of our Order imposing costs upon him on the ground that it "constitutes a serious financial hardship to him and his family, etc."

Since the defendant in its Answer to the Petition for Rehearing and Modification of Order Relating to Costs has stated that it will waive the collection of its costs "solely because of the claim of hardship upon plaintiff's family" the Order relating to costs will be amended so as to provide that each party is to bear its own costs.

There is no merit to the petition for rehearing. The reasons advanced therein are simply a rehash of the contentions previously advanced by the appellant. On our earlier review of the record we found them to be so specious as not to require our discussion.

The sum of appellant's position is that the District Court erred (1) in entering judgment in favor of the defendant on a jury's finding that he had not been induced by alleged fraudulent conduct on the defendant's part to enter into a release on February 1, 1957 in settlement of his then existing lawsuit under the Federal Employers' Liability Act, and (2) in granting the defendant's motion for a directed verdict on a count in his Complaint which sought damages for an alleged breach of defendant's promise to give him "suitable employment."

The record discloses that in June 1955 the appellant brought an action against the defendant railroad under the Federal Employers' Liability Act alleging that he had sustained severe and permanent injuries while at work as a machinist in October 1950. The defendant paid the appellant $30,000 in settlement of his action on February 1, 1957 on his execution of an unconditional release at the office and in the presence of the experienced attorney who then represented him. An order of "dismissal of prejudice" was entered thereafter on February 14, 1957 by the District Court, pursuant to the execution of the release. The latter, it may be noted, stated in capital letters in part as follows:

"THIS RELEASE IS EXECUTED BY ME SOLELY FOR THE CONSIDERATION ABOVE EXPRESSED, WITHOUT ANY REPRESENTATION WHATSOEVER, AND HAS BEEN CAREFULLY READ BY ME AND UNDERSTOOD BY ME BEFORE SIGNING."

The release also contained the following statement in the appellant's own handwriting:

"I have read and understand this statement."

It may be noted parenthetically that the record discloses the appellant is a high school graduate.

The day after the release was executed the appellant made application to the Railroad Retirement Board for disability benefits. Following a medical examination on March 8, 1957 the Board granted the appellant a total disability annuity effective as of January 1, 1957. The section of the statute under which the annuity was granted states in part that it applies to "Individuals whose *permanent physical or mental condition* is such that they are unable to engage in any regular employment" 45 U.S.C.A. § 228b (a), subsection 5. (emphasis supplied).

1. "AND NOW, to wit, this 5th day of April, 1962, the above case having come on for trial and the Court having submitted to the jury the question of fraud concerning the validity of the release and taking into consideration the answers to the interrogatories returned by the jury, the defendant's motion for dismissal of the claim in the plaintiff's complaint for reinstatement of Civil Action No. 13477, which is an action under the Federal Employers' Liability Act, was granted; plaintiff having withdrawn his claim under Rule 20 of the union contract; and a motion for a directed verdict having been granted on the plaintiff's claim under the oral promise to provide the plaintiff a job suitable to his condition, judgment is hereby entered in favor of the defendant, The Baltimore and Ohio Railroad Company, and against the plaintiff, Walter E. Zukoski.
/s/ JOHN L. MILLER,
*United States District Judge*"

The appellant continued to receive total disability annuity payments from the Railroad Retirement Board, pursuant to annual renewal applications which he filed, "until just a week or so" before March 26, 1962 when the trial concerned in the instant appeal commenced. In connection with the foregoing it should be noted that in his Complaint in the instant action the appellant alleged that he "was physically able to work in January 1957 and so told the claim agent, and plaintiff at all times subsequent to January 1, 1957, was ready, able and willing to return to work and so informed defendant." The allegation stated was in support of the appellant's prayer for "damages represented by lost wages from the date of signing said release to the time of filing this action." (November 30, 1959).

At the trial appellant testified that it was not until November 1957 that he applied for re-employment as a machinist—his old job.

The Complaint alleged that the defendant's claim agent "was acting within the scope of his authority" in promising the appellant "that if he would sign a release and settle his claim, defendant would immediately give him such employment as would be suitable to his condition."

The Complaint further prayed for recision of the 1957 release as "invalid" and the reinstatment of Civil Action No. 13477 which had been dismissed with prejudice in 1957 pursuant to the application of the appellant's counsel and the defendant subsequent to the execution of the release.

At the conclusion of the testimony the case was sent to the jury with instructions to answer the following interrogatories which had been agreed upon by the parties:

(1) "Did the defendant through its claim agent, Mr. Moneyhun, make an oral promise to the plaintiff on February 1, 1957, that in return for plaintiff's settlement of his lawsuit, the railroad would immediately employ the plaintiff at work suitable to his condition?"

(2) "Was the oral promise false and made with knowledge of its falsity and with the intention of inducing plaintiff to enter into the settlement of his lawsuit and was the plaintiff induced thereby to enter into the settlement of his lawsuit against the Baltimore & Ohio Railroad Company?"

(3) "Subsequent to February 1, 1957, was the plaintiff physically able to safely perform the promised work?"

The jury answered "Yes" to the first and third interrogatories and "No" to the second interrogatory. The trial judge thereupon granted the defendant's motion to dismiss the Complaint insofar as it sought recision of the release and reinstatement of Civil Action No. 13477 which had been dismissed with prejudice in February, 1957, and directed the appellant to proceed to the jury on the breach of contract count in consonance with the jury's answers to the first and third interrogatories. The appellant rested after offering in evidence (1) Rule 20 of the bargaining agreement between the defendant and the appellant's union which provided that "employees who have given long and faithful service in the employ of the company, and who have become unable to perform arduous work, will be given preference of such light work in their line (or other duties mutually agreed to with local committee) as they are able to handle", and (2) the agreement between the defendant and the Order of Railroad Telegraphers.

The defendant then moved for a directed verdict on these grounds (1) the terms of the February 1957 release could not be varied by parol evidence; (2) the alleged oral contract of "suitable employment" was unenforceable in that it was indefinite in its terms, and (3) the record lacked competent evidence as to the authority of the defendant's claim agent to enter into an oral contract of employment.

The trial judge granted the defendant's motion for a directed verdict and dismissed the jury. He did not at the time, nor later, spell out the reasons for his action, although in his "Order for Judgment" he noted that "a motion for a directed verdict having been granted on the plaintiff's claim under the oral promise to provide the plaintiff a job suitable to his condition, judgment is hereby entered in favor of the defendant * * * "

It is regrettable that the trial judge did not specify his reasons for granting the defendant's motion for a directed verdict either at the trial or thereafter. It would seem highly desirable that such specification should have been made either at the trial or in a subsequent memorandum opinion although it must be pointed out that the appellant did not move below to effect reconsideration of the trial court's Order for Judgment.

■ However, it is clear that independent of the other reasons advanced by the defendant in its motion for a directed verdict the alleged oral contract of "suitable employment" was so indefinite and vague as to be unenforceable. Laseter v. Pet Dairy Products Co., 246 F.2d 747 (4 Cir., 1957); Seiss v. McClintic-Marshall Corp., 324 Pa. 201, 188 A. 109 (1936); 1 Williston on Contracts, Third Edition, § 37, p. 107 and § 42, pp. 135–137; 1 Restatement of the Law, Contracts, § 32.

■■ The Complaint in the instant case asserted jurisdiction "by virtue of diversity of citizenship of the parties" alleging that the plaintiff is a citizen of Pennsylvania and that the defendant is a Maryland corporation. The oral contract is alleged to have been entered into in Pittsburgh, Pennsylvania and accordingly Pennsylvania law controls. Seiss v. McClintic-Marshall Corp., supra, is accordingly dispositive in its holding that:

"The contract here set up is so lacking in precision, so indefinite and vague, that nothing certain about it can be formulated. 'In order that a contract may be enforceable the promise or the agreement of the parties to it must be certain and explicit, so that their full intention may be ascertained to a reasonable degree of certainty'. Edgcomb v. Clough, 275 Pa. 90, 103, 118 A. 610, 614; McNeely v. Bookmyer, 292 Pa. 12, 15, 140 A. 542, 543; Restatement, Contracts, § 32; Williston on Contracts (Rev. Ed.) § 42; What is 'suitable employment'? Who is to determine what it is? What is implied by 'any employment that I was able to do'? Without more these words are too indefinite to predicate anything upon with certainty."

The Federal rule is in accord. Laseter v. Pet Dairy Products Co., supra.

■ The defendant's third point that the record failed to disclose evidence establishing the authority of its claim agent to enter into an oral contract of employment was also well taken. Indeed the appellant did not offer testimony which even tended to establish that the defendant's claim agent was clothed with authority to enter into an oral contract of employment in defendant's behalf or that it was within the apparent scope of the agent's authority to enter into such a contract.

The appellant only offered in evidence the following stipulation:

"W. J. Moneyhun is Assistant General Claim Agent of defendant railroad company. He assists in the investigation, handling of trial preparations, and in settlement of tort claims against defendant railroad."

■■ In its Answer to the Complaint the defendant denied that its claim agent had authority to enter into an oral contract of employment. It is settled that the scope of the authorization of a claim agent is not defined by law and if put in issue must be proved as a matter of fact and the burden of proof is on the one suing for the breach of the oral agreement. State ex rel. Green v. King, 132 Ohio St. 139, 5 N.E.2d 407 (1936); Cleveland, C. C. & St. L. R. Co. v. Green, 126 Ohio St. 512, 186 N.E. 365, 87 A.L.R. 1268 (1933); Hornick v. Union P. R. Co.,

85 Kan. 568, 118 P. 60, 38 L.R.A., N.S., 826 (1911); St. Louis & S. F. R. Co. v. Daugherty, 72 Kan. 678, 83 P. 821 (1905); Bohanan v. Boston & M. R. Co., 70 N.H. 526, 49 A. 103, 104 (1901).

In view of what has been said it is unnecessary to dwell any further on this petition for rehearing.

The petition for rehearing will be denied. The Order relating to costs will be amended to provide that each party pay its own costs.