## FLANDERS *v.* PUTNEY.

An agent, having a general authority to sell and deliver merchandise, can bind his principal by a contract fixing the price, quality, and quantity of goods to be delivered, and the time and place of delivery.

One who delivers a portion only of a certain quantity of merchandise agreed to be delivered in a given time, can recover the value of the amount delivered and accepted at the contract price, subject to a ·recoupment of the · damages occasioned by a failure to deliver the whole.

ASSUMPSIT, for wood. Facts found by a referee. The plaintiff's husband, having authority as her agent to make sales and delivery of wood, made a contract with the defendant to deliver him the following winter fifty cords of wood, of satisfactory quality, at a price certain, and to pay damage if the contract should not be fulfilled. Six cords of wood only were delivered, and the defendant was obliged to purchase wood elsewhere at a greater price. The plaintiff knew that her husband had sold wood to the defendant, the price, and that he was delivering it, but she did not know of the contract for a special quantity to be delivered in a given time. The husband did not disclose his agency at the time the contract was made, and the defendant supposed he was dealing with a principal.

The plaintiff ratified the contract. The defendant's damage, caused by the breach of the contract, was as much as the value of the wood received by him. The plaintiff claimed that her husband had no authority to make the contract, and that the defendant could not recoup damages for a breach of the contract.

*Edes* and *Newton*, for the plaintiff.

*Barton* and *Reed*, for the defendant.

ALLEN, J. The plaintiff's husband, having a general authority from her to make sales and delivery of wood, was authorized to employ the usual and necessary means to accomplish the objects of his agency; to include, in contracts made by him, their ordinary incidents of price, quality, quantity, and time of delivery. *Backman* v. *Charlestown*, 42 N. H. 125, 131, 132; *Morris* v. *Bowen*, 52 N. H. 416, 421. The contract with the defendant was authorized by the plaintiff, and it might be shown in evidence by the defendant. The plaintiff's knowledge that her husband was selling and delivering wood to the defendant, was evidence from which the finding of a ratification of the contract by her was warranted.

Under a contract for services to be rendered, or goods sold to be delivered, part performance of which the other party has received the benefit, entitles one to recover the value, at the contract price, of

what has been done or furnished, subject to a deduction of the damage occasioned by the breach of the contract. *Britton* v. *Turner*, 6 N. H. 481; *Horn* v. *Batchelder*, 41 N. H. 86. The value of the wood received by the defendant being no more than the damage he suffered from the nonfulfilment of the contract, the plaintiff can recover nothing.

The increase in the price of the wood, which the defendant was compelled to purchase in place of that not delivered, was properly admitted, and considered as an element in the estimate of the defendant's damage.

*Exceptions overruled.*

CLARK, J., did not sit.