### DAVID SCHWARTZ & a. v. MARYLAND CASUALTY COMPANY.

A general agent has implied authority to act without restriction or qualification
in all matters relating to the business of his principal. A party dealing with
such an agent is not affected by private orders or instructions unless he has
notice of them.

An insurance company may, by reason of its agent's conduct, be estopped to
deny a waiver of provisions inserted in the policy for its benefit.

Consent by the general agent of an indemnity insurance company to the settle-
ment of a claim, on faith in which the insured makes expenditures, estops the
company later to deny that there was a valid claim against it.

ASSUMPSIT, for money paid at the defendant's request in settle-
ment of a claim against the plaintiffs for injuries sustained by an
employee. Trial by jury and verdict for the plaintiffs. Transferred
by *Branch*, C. J., on the defendant's exceptions to the charge and to
the denial of its motions for a nonsuit and a directed verdict.

The facts are stated in the opinion.

*J. Morton Rosenblum* (by brief and orally), for the plaintiffs.

*Timothy F. O'Connor* and *Myer Saidel* (*Mr. Saidel* orally), for
the defendant.

MARBLE, J. The plaintiffs were members of a partnership doing
business at Manchester under the name of the Manchester Waste
Paper Co. They were insured by the defendant against liability
to their employees, and the policy covering the risk was issued to
them by the defendant's general agent. During the term of the
policy one of their employees was injured while in the course of his
employment. The plaintiffs reported the accident to the general
agent, whose response was, "All right; I will take care of it." A
few days later, in reply to the plaintiffs' inquiry regarding the pay-
ment of lost wages and hospital bills, he said: "You go right along;
pay all expenses in the case, and when you are done present the
bill to us and we will make good." It is for the money so paid that
recovery is sought in this action.

The defendant denies liability on the ground that its general
agent was not authorized to make the arrangement in question.

"As in the case of agencies in general an insurance company is
bound by all acts, contracts, or representations of its agent, whether

general or special, which are within the scope of his real or apparent authority." 32 C. J. 1063. See *Mulhall* v. *Company*, 80 N. H. 194, 207, and Laws 1919, *c.* 10, *s.* 1.

Broadly defined, the term "general agency" implies authority on the part of the agent to act without restriction or qualification in all matters relating to the business of his principal. It has been said that "a general agency properly exists where there is a delegation of authority to do all acts connected with a particular trade, business or employment." *Backman* v. *Charlestown*, 42 N. H. 125, 129. See also *Atto* v. *Saunders*, 77 N. H. 527, 528; *Flint* v. *Railroad*, 73 N. H. 141, 147; *Flanders* v. *Putney*, 58 N. H. 358; *Knapp* v. *Express Co.*, 55 N. H. 348, 353; *Daylight Burner Co.* v. *Odlin*, 51 N. H. 56, 60; *Deming* v. *Railroad*, 48 N. H. 455, 472; *Towle* v. *Leavitt*, 23 N. H. 360, 374.

It is true that general authority may be exercised under "private orders or instructions" from the principal, but it cannot be thus limited or impaired so as to affect the "rights of a party dealing with the agent, unless he had knowledge of such private instructions." *Hatch* v. *Taylor*, 10 N. H. 538, 543.

In the present case there is no evidence that the general authority conferred upon the agent was in any way qualified or restricted. For aught that appears his powers were coextensive with the requirements of the insurance business. The policy was issued from his office and countersigned by him as general agent. By the express terms of the endorsement covering liability under the workman's compensation act such signature was essential to its validity. In his relation to the insured he thus stood in the place of his principal. To the plaintiffs he was for all purposes the casualty company itself. There is nothing in the policy or in the testimony which even remotely suggests that he was not authorized to accept notice of the accident and agree to the terms of settlement.

The case differs diametrically from *New Hampshire &c. Fruit Co.* v. *Paine*, 80 N. H. 540; *Davison* v. *Parks*, 79 N. H. 262; *Bohanan* v. *Railroad*, 70 N. H. 526; and *Hayes* v. *Colby*, 65 N. H. 192 — authorities relied upon by the defendant. In each of these cases not only was the agent's authority expressly limited, but his act was so unusual that reasonable men could not fail to deem it unauthorized.

The defendant, in arguing that there can be no recovery because the plaintiffs have failed to comply with certain conditions in the policy, has ignored the fact that this is not an action on the policy

for indemnity. Assuming it to be such an action, however, the doctrine of estoppel would be entirely apposite (*Wilson* v. *Insurance Co.*, 77 N. H. 344); for no rule of law is more firmly established in this jurisdiction than the rule that an insurance company by reason of its agent's conduct may be estopped "to deny a waiver" of provisions inserted in the policy for the benefit of the company. *Daley* v. *Insurance Co.*, 81 N. H. 502, and cases cited.

The same error is apparent in the defendant's contention that the plaintiffs cannot recover because their employee at the time of the accident was not engaged in work specified by the workman's compensation act. As a matter of fact, it does not appear from the record that the work of the employee was not "within the purview of the statute," but even if it were not, the defendant, through its general agent, having authorized settlement of the claim in question and thereby induced the plaintiffs to part with their money, cannot now be heard to say that the claim was not a valid one.

The jurors were properly instructed that if they believed the defendant's general agent made the agreement alleged, their verdict would be for the plaintiffs. The defendant introduced no evidence. As the case stood, there was nothing on which the jury could have based a finding that the general agent was not invested with all the authority his title implied. The agreement, if made, was "within the proper and legitimate scope of the business to be transacted" (*Towle* v. *Leavitt, supra*), and was therefore binding upon the defendant.

The exceptions are overruled.

*Judgment for the plaintiffs.*

All concurred.