Belknap,
Dec. 4, 1934.

STANLEY MORIN *v.* THE MERCURY INSURANCE COMPANY.

*Tilton & Tilton (Mr. Frederick A. Tilton* orally), for the plaintiff.

*Thorp & Branch (Mr. Branch* orally), for the defendant.

ALLEN, C. J.   The agent's knowledge was the defendant's. (P. L.,
c. 276, s. 5.   He knew, however, not that there was, but that there
had been other insurance, and he was uncertain if it was still in force.
The insurer giving the insured no reason to believe otherwise, the
policy is the full measure of the latter's rights.   Unless he is led by
the insurer to understand that he buys more or differently than the
policy provides, its terms control.   The insurer is not liable for mis-
take or misunderstanding it does not cause.   *Lauze* v. *Insurance
Co.*, 74 N. H. 334; *Sargent* v. *Insurance Co.*, 82 N. H. 489, 490; *Duval*
v. *Insurance Co.*, 82 N. H. 543, 544; *Karp* v. *Insurance Co.*, 86 N. H.
124, 125.

By the prevailing rule lack of knowledge is not enough to show a
duty to acquire knowledge.   The mere failure of inquiry does not
constitute notice, although the inquiry would furnish it.   The reason
is that the insurer does not undertake to inquire except as it may see
fit or may agree.   *Sanders* v. *Cooper*, 115 N. Y. 279; *Dumas* v. *In-
surance Co.*, 12 App. (D. C.) 245; *Waller* v. *Assurance Co.*, 10 Fed.
Rep. 232; *Aetna &c. Ins. Co.* v. *Kennedy*, 161 Ala. 600; *Parsons, Rich
& Co.* v. *Lane*, 97 Minn. 98; *Riley* v. *Insurance Co.*, 80 W. Va. 236.

More is involved here than the agent's ignorance of the other in-
surance through omission to inquire about it.   The plaintiff testified
that he left it with the agent to make any necessary inquiry about
that insurance.   Without understanding how it would affect the
insurance he ordered, he relied upon the agent to protect him in re-
gard thereto.   And the agent undertook to take care of the matter.
These deductions from the testimony cannot be doubtful.   The jury
were instructed that if the testimony were accepted and the agent
was reasonably required to make due inquiry about the prior insur-
ance, the defence on account of it would be overcome.   The verdict
for the plaintiff demonstrates the acceptance of the testimony and
its truth is therefore established.

Inquiry by the agent was demanded since he undertook to make it.
The charge was unduly favorable to the defendant in limiting the
duty to reasonable conduct.   The agent was required to do what he
gave the plaintiff to understand he would do.   It was necessarily
reasonable that he make the inquiry.

It was stated in the instruction that failure to inquire if inquiry
was a duty, was the equivalent of notice.   If the statement was not
strictly accurate, it was not prejudicial.   The result of estoppel is
the same, and at most the error was harmless.

Inquiry would in all probability have proved informative.   The

agent was therefore accountable to the plaintiff for the latter's mistake in assuming that the prior insurance would not affect the new.

The agent's failure to inquire is the defendant's fault. He was a general agent, fully representing the defendant in issuing policies. In obtaining business he might do not only what is customary (*Federal &c. Ins. Co.* v. *Sydeman*, 82 N. H. 483, 485, and cases cited), but also whatever was reasonably incidental thereto. He was undeniably acting for the defendant. What he undertook to do was part and parcel of the negotiations for placing insurance by it. If actual authority is not shown, apparent authority is. If his undertaking was also a service for the plaintiff, it was consistent with his agency for the defendant and led to no incompatibility of duty. (*Ib.*, 484).

*Judgment for the plaintiff.*

BRANCH and WOODBURY, JJ., did not sit: the others concurred.