Strafford,
April 4, 1939. } No. 3060.

GREAT AMERICAN INDEMNITY CO. OF NEW YORK

*v.*

DANIEL F. RICHARD & *a.*

*Hughes & Burns* and *Charles F. Hartnett* (*Mr. Hartnett* orally), for the plaintiff.

*Ovilla J. Gregoire*, by brief, for the defendants.

ALLEN, C. J. The master's view that the plaintiff is chargeable with notice of the change of trucks when its agent first learned of the change, is correct. But his conclusion that it thereby became estopped from denial of insurance in the pending action against the defendant, does not follow. Any liability of the plaintiff must be predicated upon its agent's assurance to the defendant's agent that the renewal policy would cover the use of the replacing truck. This assurance was in effect an implied promise that there would be no interruption between the two policies in the continuity of insurance.

The renewal policy furnished no insurance. It gave protection only for the use of the truck the defendant had ceased to own. And the agent's promise of an endorsement which would make the policy apply to the use of the replacing truck was not fulfilled. The narrow

issue is whether the agent might be found to have apparent authority to act for the plaintiff in making the promise. He had no actual authority therefor. The finding that he was without authority to issue or endorse policies results in a lack of authority to bind insurance; since he could not make changes, he had no authority to promise for the plaintiff that they would be made.

In respect to his apparent authority, he was not held out by the plaintiff as other than a soliciting or special agent. No evidence was introduced of any custom for the insurer to permit or accept conduct of such an agent beyond his actual authority. Nor did the mere fact of his agency indicate that he had more than his actual authority. When one does business with another through the latter's agent, it is necessarily to be understood that the agent's authority to bind the principal is not greater than that actually given, including what is reasonably incidental to its exercise, unless a custom or conduct of the principal induces a reasonable belief in such greater authority. Without more, notice of an agency relation is notice of the limits of the agent's authority, whatever they may be. Business is transacted upon this basis. An appointment of a general agent indicates the authority of one although the authority may be in fact limited. (*Schwartz* v. *Company*, 82 N. H. 177), whereas that of a special agent implies no authority beyond that granted in terms or as incidental to their execution.

"The defendant knew that he was dealing with an agent, but did not know the extent of his authority. There is no evidence of previous dealings or holding out by the plaintiff, or of any facts that would lead the defendant to believe that the agent's authority exceeded that ordinarily incident to the business of a soliciting agent . . ." *Hayes* v. *Colby*, 65 N. H. 192, 193. Other authorities of like purport are cited in *Schwartz* v. *Company*, *supra*, 178. "To create a situation that is within this rule [of apparent authority], there must be evidence that the one in which the agent was placed was likely to arise in the general course of the business he was set to do, and that the means taken by him were such as might ordinarily be employed." *New Hampshire &c. Fruit Co.* v. *Paine*, 80 N. H. 540, 541. Here, the need of amending the policy was a matter which might expectably arise, but the means adopted to secure the amendment were not shown to be such as special agents are accustomed or may be expected to employ. The reserved control of the terms of the policy by the insurer was absolute, and the authority to solicit insurance and to deliver a policy was no fair inducement

to belief in a right of the agent to provide for the policy's amendment. "The apparent scope of the authority of the soliciting agent did not extend beyond the acts of soliciting and negotiating the contract, delivering it, and receiving the premium required to bring it into being." *Lauze* v. *Insurance Co.*, 74 N. H. 334, 339.

Nor did the payment of the premium to the agent estop the plaintiff to deny liability for the agent's promise. It was payment for a policy delivered but to be amended. The plaintiff did not agree to such a contract. It did not receive the premium and made no charge for it against the defendant or, so far as appears, against its agent. It had no knowledge of the agent's promise, and "The knowledge of an agent is the knowledge of his principal in regard to such matters only as come within the scope of the agent's employment". *Bohanan* v. *Railroad*, 70 N. H. 526, 529. What later occurred between the agent and the defendant in regard to the premium is not found, but as it was paid to the agent in a transaction to which he had no authority to commit the plaintiff and which the plaintiff did not ratify, the payment was to the agent only, and not to the plaintiff. It neither received the payment nor had any benefit from it.

The plaintiff ordered the renewal policy cancelled. It had consented to the renewal without knowledge of the change of trucks. Why, before learning of the accident resulting in the pending action against the defendant, it did not consent to coverage for the use of the replacing truck, is not clear. The risk was unaffected. Apparently it acted in a confused understanding of the facts or gave the agent incomplete information and instructions respecting such coverage. But whatever its reason, it gave no consent therefor. The policy which expired furnished insurance in express terms only for the use of the truck it described, and the requirement of notice of any change of trucks was a matter of express provision. When the renewal policy was delivered to the defendant's agent, she saw its inapplicability to the replacing truck, but the agent's promise that it would be amended was not the plaintiff's. If the plaintiff's nonconsent to amend was due to its mistake, yet consent was withheld. Apparently, if the defendant had given notice of the change of trucks when it took place, a renewal policy conformable to the change would have been issued. Consent to the change was retroactively given in respect to the policy renewed, but this was at the time of withholding consent in respect to the renewal policy. No appearance that the agent might consent therefor may be found.

There was nothing to indicate that it was left to him to pass upon the acceptability of changes in trucks. If here the change was immaterial to the risk, yet there might be one which would be material. Authority to consent to changes not increasing the risk would extend to authority to determine between material and immaterial changes. Such authority was beyond any appearance of authority. Having no authority, even apparently, to endorse a policy, the agent had none to consent to changes which required endorsement to secure effective insurance.

Whether or not the plaintiff owed the defendant a duty of diligence in notifying him that it did not consent to renew the insurance, is not decided. Its agent delayed for four days after learning of the change of trucks before notifying it of the change. Prompt attention both by him and the plaintiff, with notice to the defendant of the withholding of consent, would have given the defendant occasion to seek insurance elsewhere, which, if obtained before the accident on account of which he has been sued, would have protected him for it. But as his claim of negligence would be for causing a failure of insurance, he would concede that the plaintiff had no duty of indemnity as an insurer. The plaintiff cannot be estopped to deny insurance on a claim of liability for its failure.

The defendant was misled by the agent while acting beyond the range of any authority actual or apparent. The plaintiff did nothing to induce reliance upon the agent's promise, and the claim of estoppel against it fails.

*Judgment for the plaintiff.*

All concurred.