Hillsborough, Jan. 5, 1949. } No. 3781.

PETER L. KOBILSEK *v.* HARTFORD ACCIDENT & INDEMNITY CO. & a.

*Green, Green & Romprey*, for the plaintiff, filed no brief.

*Devine & Millimet* (*Mr. Devine* orally), for the defendant company.

*J. Morton Rosenblum* (by brief and orally), for the defendant administratrix.

DUNCAN, J. For purposes of this decision, we may assume that the

evidence, construed most favorably to the plaintiff, warranted the finding of the Trial Court that the conduct of the Forest City agent constituted a representation to the plaintiff, upon which he relied, that the policy was still in effect. The rulings that the agent's conduct was binding upon the company, and that it is estopped to claim cancellation are not sustained by the evidence.

There is no evidence that the company had any knowledge of the agent's reply to the plaintiff's inquiry, or of his subsequent failure to forward the unearned premium refund to the plaintiff. Under the terms of the policy, cancellation of the policy by the insured might be effected by "surrender thereof." In such a case earned premiums were to be computed in accordance with the "customary short rate tables," and a "short rate cancellation table" appeared upon the policy. It was further provided that premium adjustments not made "at the time cancellation is effected" should be made "as soon as practicable after cancellation becomes effective." Thus cancellation was not dependent upon premium adjustment, and cancellation occurred upon surrender of the policy to the company, although its obligation to refund the unearned premium remained unsatisfied. The plaintiff's enclosing letter contained no suggestion that cancellation should be postponed to any time later than the date of surrender. His action was effective to terminate the policy upon surrender. *Insurance Commissioner* v. *Insurance Company*, 68 N. H. 51, 53.

Had the company had reason to assume that the plaintiff might regard the policy as uncancelled, notwithstanding its surrender, it is a fair supposition that within the two months which intervened before the accident, it would either have insisted upon execution of the unreturned endorsement restricting its liability under the policy, or itself have cancelled the policy by five day notice as therein provided. In either case, it would have been under no responsibility with respect to the pending law action.

The defendant company can be held estopped by the conduct of the agent only if there is evidence that his action was within the scope of his authority, actual or apparent. There is no direct evidence of the extent of his authority, and none of a course of conduct on the part of the company calculated to induce a reasonable belief on the part of the plaintiff that his authority was other than special.

The printed declaration incorporated in the policy concluded with the printed words "General Agent, or Branch" followed by "Philadelphia Branch Office" in typewriting. Immediately below appeared the printed words "Agent, Sub-agent, or Broker" followed by the

typewritten name "Andrew Dziadkowicz." This was indication that the authority of the agent with whom the plaintiff dealt was something less than that of a general agent. Cf. *Schwartz* v. *Company*, 82 N. H. 177.

It is true that it could be found that the agent countersigned both the declaration, and the endorsement sent to the plaintiff after issue of the policy. Further, the policy provided that it should not be binding "unless countersigned on the Declarations page by a duly authorized agent of the Company." But evidence that the agent had authority to authenticate or make effective by countersignature a policy originating with the Philadelphia Branch Office of the company is not evidence of actual authority to impose conditions precedent to cancellation not found in the policy; nor is it evidence of apparent authority to do so in view of the notice given by the policy provision that its terms shall not be changed except by endorsement signed by specified company officials, of which the agent plainly was not one.

"In order to charge a principal for the acts of his agent, in the absence of proof of express authority to act, it must appear that the principal has so conducted [his business] as to lead to the reasonable belief that he had given the agent the necessary power." *New Hampshire &c. Fruit Co.* v. *Paine*, 80 N. H. 540, 541. As in *Hartford &c. Co.* v. *Lougee*, 89 N. H. 222, 226, "the issue is whether the deception [of the agent] is chargeable to the [company] as a matter of estoppel. Unless it held [the agent] out as having authority to act as he did, 'it was not required to protect itself by giving notice of the limits of authority.' *Gibbs* v. *Casualty Co.*, 87 N. H. 19, 23. . . . The [company] is not answerable for what he did in excess of his rightful authority merely because of his pretense of authority not in fact bestowed upon him." See also, *Great Am. Ind. Co.* v. *Richard*, 90 N. H. 148.

The failure of evidence in the instant case consists of the lack of proof either of actual authority, or of conduct on the part of the company calculated to lead a reasonable man in the position of the plaintiff to believe that authority rested with the agent to keep the insurance in effect, although the procedure provided by the policy by which cancellation might be effected had been followed by the insured. In the absence of such evidence, the company is not chargeable with the agent's conduct. The decree of the Trial Court is set aside, and the order is

*Judgment for the defendant company.*

All concurred.