Rockingham
No. 93-756

STEPHEN COOK

v.

CIGNA INSURANCE COMPANY

April 25, 1995

*Devine, Millimet & Branch, P.A.,* of Manchester (*Andrew D. Dunn* on the brief and orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Chiesa,* of Manchester (*Jeffrey H. Karlin* on the brief and orally), for the defendant.

BATCHELDER, J. The defendant, CIGNA Insurance Company (CIGNA), appeals the decision of the Superior Court (*Lynn, J.*) in a declaratory judgment action filed by the plaintiff, Stephen Cook, finding coverage under the CIGNA policy. CIGNA argues that the trial court erred: (1) in placing the burden of proof on CIGNA pursuant to RSA 491:22-a (1983); (2) in awarding attorney's fees to the plaintiff pursuant to RSA 491:22-b (1983); and (3) in finding that the vehicle involved in the underlying accident was neither owned by the plaintiff nor available for his regular use. We affirm.

In 1985, the plaintiff, a fifteen-year-old high school student, was employed part-time by Wickson Trucking. Wickson Trucking provided several vehicles for use by its employees. Among the vehicles that the plaintiff was permitted to drive was a 1982 Honda. Anticipating turning sixteen and obtaining a driver's license, the plaintiff discussed buying the Honda from his employer.

On November 23, 1985, the plaintiff, while driving the Honda, was involved in a two-car accident in which Joan Blondin, a passenger in the other vehicle, was injured. Blondin sued the plaintiff, who sought liability coverage as a family member under the CIGNA policy issued to his father. The plaintiff was also covered as a family member under an

umbrella policy issued to his father by St. Paul Fire and Marine Insurance Company (St. Paul).

CIGNA denied liability coverage based on an exclusion for any vehicle, other than the covered vehicle, that was either owned by a family member or available for his or her regular use. It maintained that the purchase discussions and the plaintiff's use of the Honda warranted application of the policy exclusion. On July 10, 1986, the plaintiff filed a petition for declaratory judgment seeking coverage under the CIGNA policy.

To facilitate settlement of the liability action, the plaintiff, CIGNA, and St. Paul entered into a stipulation, approved by the Trial Court (*Mohl,* J.), that the coverage dispute would be determined in the pending declaratory judgment action. Consequently, CIGNA contributed its policy limit of $250,000 in settlement of the liability action.

Following a hearing on September 22, 1994, the Superior Court (*Lynn,* J.) found coverage under the CIGNA policy. Additionally, it awarded the plaintiff reasonable attorney's fees under RSA 491:22-b. This appeal followed.

CIGNA first argues that the trial court erred in ruling that it had the burden of proof under RSA 491:22-a, which provides: "In any petition under RSA 491:22 to determine the coverage of a liability insurance policy, the burden of proof concerning the coverage shall be upon the insurer whether he institutes the petition or whether the claimant asserting the coverage institutes the petition." It contends that the coverage dispute was really between it and St. Paul and that the plaintiff was "not a real party at interest." Accordingly, it maintains, RSA 491:22-a should not apply.

■ CIGNA asks us to disregard the plain language of this statute and look behind the declaratory judgment action to divine an underlying dispute not apparent on the face of the petition. In support of its position, CIGNA refers to a "Motion to substitute and/or add St. Paul as a party to clarify this point." We note, however, that neither this motion nor the court's action thereon are in the record before us. Because CIGNA has the burden of providing this court with an adequate record to decide the issues before us, SUP. CT. R. 13(3), we do not consider this motion.

■ Under New Hampshire law, the burden of proving lack of insurance coverage is on the insurer. *Niedzielski v. St. Paul Fire & Marine Ins. Co.,* 134 N.H. 141, 147, 589 A.2d 130, 134 (1991). Consequently, the trial court properly assessed the burden of proof to CIGNA.

 CIGNA's second argument mirrors its first. It contends that "[f]or much the same reason that the burden of proof should not have been placed on CIGNA, CIGNA should not have been ordered to pay attorney['s] fees." RSA 491:22-b requires that if the insured prevails in a declaratory judgment action, he or she "shall receive court costs and reasonable attorneys' fees from the insurer." Because the trial court found coverage under the CIGNA policy, it correctly awarded attorney's fees to the plaintiff.

CIGNA lastly argues that the trial court erred in finding that its policy exclusion for an automobile that either was owned by the plaintiff or was available for his regular use did not apply. "When there is conflicting testimony, we defer to the findings of the [trier of fact] unless no reasonable person could have come to the same conclusion." *State v. Baker,* 135 N.H. 447, 450, 606 A.2d 309, 311 (1992).

 At the hearing, the plaintiff and his mother testified that although the plaintiff planned to purchase the vehicle from his employer sometime in the future, he did not own it at the time of the accident. The trial court credited the plaintiff's testimony and ruled that he did not own the vehicle because "there was no title transfer, . . . no bill of sale, . . . no definite price agreed upon, [and] . . . he did not have the power to exclude other people . . . from using the vehicle when they wanted to." The plaintiff's testimony also supported the trial court's ruling that the vehicle was not available for the plaintiff's regular use because "he really was not allowed to simply take this vehicle and didn't in fact take this vehicle anywhere that he wanted to." *Compare Volpe v. Prudential Property and Cas. Ins. Co.,* 802 F.2d 1, 4 (1st Cir. 1986) (finding "regular use" exception did not apply) *with Spaulding v. Concord Gen. Mut. Ins. Co.,* 122 N.H. 515, 516, 446 A.2d 1172, 1173 (1982) (finding "regular use" exception did apply). We find no error in the trial court's ruling.

*Affirmed.*

All concurred.