Sullivan
No. 95-212

DOUGLAS MAVILLE & a.

v.

PEERLESS INSURANCE COMPANY

September 25, 1996

*Law Office of K. William Clauson*, of Hanover (*K. William Clauson* on the brief and orally), for plaintiff Douglas Maville.

*McLane, Graf, Raulerson & Middleton, P.A.*, of Manchester (*Bruce W. Felmly* and *Ralph F. Holmes* on the brief, and *Mr. Holmes* orally), for plaintiff Anthony Ivanov.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Julie A. Dascoli* and *Andrew D. Dunn* on the brief, and *Ms. Dascoli* orally), for the defendant.

BROCK, C.J. The plaintiffs, Douglas Maville and Anthony Ivanov, appeal a decision of the Superior Court (*Morrill*, J.) declaring automobile liability coverage by the defendant, Peerless Insurance Company (Peerless), to be $50,000 per person and $100,000 per accident. We affirm.

The following facts were adduced at trial. Bradley Sausville owns a truck which he insures through Peerless. On September 10, 1993, Sausville telephoned his insurance agent, Michael Crate of the Goss-Logan Insurance Agency, and requested a reduction in his liability insurance from $100,000 per person and $300,000 per accident, to $50,000 per person and $100,000 per accident. Crate agreed to make the changes but insisted that Sausville stop by the office and sign a letter confirming his intent to reduce his coverage. Later that day, Sausville signed the confirmation letter, which lists the reduced liability limits and states: "I, Bradley Sausville, agree that the coverages listed above be made effective 9/10/93 on my

current policy." Crate then forwarded by telecopier a change request form reflecting Sausville's request to Peerless.

On September 17, Maville and Ivanov were injured in an accident while they were passengers in Sausville's truck. Sausville was not involved in the accident. Sausville telephoned Crate on September 20 to notify him of the accident. On September 21, Peerless issued the revised endorsement of Sausville's insurance policy reflecting the reduction in coverage effective September 10.

The plaintiffs filed a petition for declaratory judgment in the superior court, *see* RSA 491:22 (Supp. 1995), seeking a determination that Sausville's requested reduction in coverage had not taken effect at the time of the accident. After a bench trial, the superior court ruled that the reduction was effective prior to the date of the accident, concluding that Peerless granted Crate the authority to reduce liability coverage and that Sausville and Crate clearly and unambiguously intended to reduce coverage effective September 10. This appeal followed.

On appeal, the plaintiffs argue that Crate had no authority to reduce Sausville's liability coverage, relying upon a provision of the insurance policy which states: "This policy contains all the agreements between you and us. *Its terms may not be changed or waived except by endorsement issued by us.* If a change requires a premium adjustment, we will adjust the premium as of the effective date of change." (Emphasis added.) The plaintiffs further contend that regardless of Crate's authority, Crate did not reduce liability coverage on September 10, but only requested that Peerless reduce the limits. Finally, the plaintiffs argue that if a valid modification of Sausville's insurance policy did not occur on September 10, then Sausville's request to reduce his coverage was implicitly revoked when Peerless learned of the accident prior to issuing the revised endorsement.

"[T]he interpretation of the insurance policy language is ultimately a question of law for this court to decide." *Raudonis v. Ins. Co. of North America*, 137 N.H. 57, 59, 623 A.2d 746, 747 (1993). "We construe the language of an insurance policy as would a reasonable person in the position of the insured based on a more than casual reading of the policy as a whole." *Id.* (quotation omitted). "In general, the rules governing the construction and interpretation of written contracts apply with equal force to insurance policies." *Trombly v. Blue Cross/Blue Shield*, 120 N.H. 764, 770, 423 A.2d 980, 984 (1980).

Modification of an insurance contract must be by the mutual agreement of the parties. *Id.* at 767, 423 A.2d at 982. The

intent of the parties, as evidenced by the terms of the modification or accompanying letter, may determine the effective date of any such modification. *See Martz v. Union Labor Life Ins. Co.*, 757 F.2d 135, 138 (7th Cir. 1985). "Whether or not a contract has been modified is a question of fact for the trial court to determine, and we will not disturb its ruling unless the record contains insufficient evidence to support it." *C & M Realty Trust v. Wiedenkeller*, 133 N.H. 470, 477, 578 A.2d 354, 358 (1990). "When there is conflicting testimony, we defer to the findings of the trier of fact unless no reasonable person could have come to the same conclusion." *Cook v. CIGNA Ins. Co.*, 139 N.H. 486, 489, 657 A.2d 834, 836 (1995) (quotation and brackets omitted). Pursuant to RSA 491:22-a (1983), "the burden of proving lack of insurance coverage is on the insurer." *Id.* at 488, 657 A.2d at 835.

The plaintiffs argue that Crate lacked the authority to reduce Sausville's insurance coverage because the insurance policy states: "Its terms may not be changed or waived except by endorsement issued by us." The plaintiffs contend that "us" is defined in the policy as "the Company providing this insurance" and does not include Crate as an agent of "the Company." We disagree.

■■ Crate, as a general agent, can bind Peerless to "all acts, contracts, or representations . . . within the scope of his real or apparent authority." *Schwartz v. Company*, 82 N.H. 177, 177–78, 131 A. 352, 353 (1925) (quotation omitted). Peerless can limit the scope of Crate's authority, *see Great Am. Ind. Co. v. Richard*, 90 N.H. 148, 150, 5 A.2d 674, 676 (1939), but the limitation cannot "affect the rights of a party dealing with the agent, unless [the party] had knowledge of such private instructions," *Schwartz*, 82 N.H. at 178, 131 A. at 353 (quotation omitted). The insurance policy does not indicate that changes by an agent would not be considered "endorsed" by the company. *See American Nat. Fire Ins. Co. v. Kenealy*, 72 F.3d 264, 268 (2d Cir. 1995) (holding similar modification provision failed to use sufficiently unequivocal language to limit agent's authority and inform its insured of such limitation). Absent notice of restrictions on its agent's authority, Peerless authorized Crate to conduct all business that is customary to issuing and modifying insurance policies. *See Morin v. Insurance Co.*, 87 N.H. 159, 161, 175 A. 864, 865 (1934) (general agent has authority to conduct customary business). Therefore, we conclude that customary reductions or increases of liability coverage were within the scope of Crate's authority, and that his authority was not limited by the insurance policy's language. *See American Nat. Fire Ins. Co.*, 72 F.3d at 268.

■ The plaintiffs further argue that regardless of Crate's authority, Crate only requested Peerless to amend the liability coverage, and that coverage was not actually reduced on that day. Whether an insurance policy has been modified is a question of fact for the trial court to determine, and we will not disturb the trial court's finding that Crate modified Sausville's insurance policy unless the record contains insufficient evidence to support it. *See C & M Realty Trust*, 133 N.H. at 477, 578 A.2d at 358. Although there is conflicting evidence in the record, "[o]ur function is to ascertain whether a reasonable person could have reached the same decision as the trial judge on the basis of the evidence and not whether we would have found differently." *Gelinas v. Metropolitan Prop. & Liability Ins. Co.*, 131 N.H. 154, 164, 551 A.2d 962, 968 (1988) (quotations, citation, and ellipsis omitted). We conclude that the confirmation letter signed by both Crate and Sausville, *see Martz*, 757 F.2d at 138, is sufficient evidence to support the trial court's ruling, *see C & M Realty Trust*, 133 N.H. at 477, 578 A.2d at 358. Therefore, we uphold its ruling that an effective modification was made on September 10.

Our determination that there was a valid modification of the insurance policy makes it unnecessary to address the plaintiffs' remaining argument of implied revocation. Sausville's power to revoke was terminated when Crate, as Peerless' general agent, accepted his request to reduce his policy limits. *See* 1 A. CORBIN, CORBIN ON CONTRACTS § 2.18 (J. Perillo ed., rev. ed. 1993) (offeror's power of revocation is terminated upon valid acceptance).

Accordingly, we hold that Peerless met its burden of proof under RSA 491:22-a in establishing that the legally effective date of the modification was September 10, 1993. We affirm the trial court's conclusion that at the time of the accident the liability limits were $50,000 per person and $100,000 per accident.

*Affirmed.*

JOHNSON, J., did not sit; the others concurred.