STATE OF MAINE



SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AUBSC-CV-15-36

BARNIE'S BAR & GRILL, INC.,

Plaintiff,

v.

UNITED STATES LIABILITY
INSURANCE COMPANY,

Defendant.

)
)
)
)
)
)
)
)
)
)
)

ORDER ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT

Before the court are Plaintiff Barnie's Bar & Grill, Inc. and Defendant United States Liability Insurance Company's cross-motions for summary judgment. A hearing on the parties' cross-motions was held on February 2, 2016. Based on the following, Plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted.

## I. BACKGROUND

Plaintiff is a Maine corporation with its principal place of business in Lewiston, Maine. (Joint Stipulated Record for Dispositive Motions ("J.S.R.") ¶ 1.) Defendant is an insurance company authorized to do business in Maine. (*Id.* ¶ 2.) Defendant issued Plaintiff an insurance policy, policy number CP 1121836G (the "Policy"). (*Id.* ¶ 3.) The Policy provided Plaintiff with Commercial General Liability Coverage and Liquor Liability Coverage. (J.S.R. ¶ 4 Ex. A at POL 022, POL 104.) The Policy was effective from March 5, 2013, to March 5, 2014. (J.S.R. ¶ 3.)

On or about July 14, 2014, Maurice Y. Beaulieu filed a civil complaint against Plaintiff for negligence. (*Id.* ¶ 4.) Mr. Beaulieu's complaint alleges that on or about September 6 and 7, 2013, Mr. Beaulieu was a customer at Plaintiff's bar, when he was

assaulted by a group of patrons. (J.S.R. ¶ 6 Ex. B ¶¶ 3, 5.) Mr. Beaulieu alleges that Plaintiff had notice the assault was imminent, but failed to summon law enforcement or otherwise prevent the assault. (*Id.* ¶¶ 6-7.) Mr. Beaulieu also alleges that Plaintiff breached its duty not to create a dangerous circumstance by ejecting Mr. Beaulieu and the assailants from the premise at the same time, which resulted in further violence in the parking lot. (*Id.* ¶¶ 8-9.) According to the complaint, Mr. Beaulieu suffered injuries and losses as a direct and proximate result of Plaintiff's breaches of care. (*Id.* ¶¶ 10-11.)

After the alleged assault on September 6 and 7, 2013, but before Mr. Beaulieu filed his complaint on July 14, 2014, Plaintiff and Defendant executed Endorsement #1 which amended the Policy and added assault and battery coverage to the Liquor Liability Coverage. (J.S.R. ¶ 4 Ex. A at POL 002.)

Following Mr. Beaulieu's complaint, Plaintiff tendered the defense thereof to Defendant. (J.S.R. ¶ 7.) Defendant notified Plaintiff that it would not defend Plaintiff against Mr. Beaulieu's complaint. (*Id.* ¶ 8.)

On March 11, 2015, Plaintiff filed this complaint against Defendant. (Compl. 1.) Plaintiff seeks a declaratory judgment that Defendant has a duty under the Policy to defend Plaintiff against Mr. Beaulieu's complaint. (*Id.* ¶¶ 7-20.) Plaintiff also asserts a claim for breach of contract against Defendant for failing to defend Plaintiff from Mr. Beaulieu's complaint. (*Id.* ¶¶ 21-22.)

On August 31, 2015, Plaintiff filed a motion for summary judgment, its statements of material fact, and a Joint Stipulated Record for Dispositive Motions signed by counsel for both parties. (Pl. Mot. Summ. J. 1; Pl. Supp. S.M.F. 1; J.S.R. 1-2.) Defendant responded with an opposition to Plaintiff's motion and its own cross-motion for summary judgment on September 18, 2015. (Def. Mot. Summ. J. 1.) Plaintiff filed a reply to Defendant's opposition to its motion and an opposition to Defendant's motion

on September 24, 2015. (Pl. Opp'n to Def. Mot. Summ. J. 1.) Defendant filed a reply to Plaintiff's opposition on October 6, 2015. (Def. Reply to Pl. Opp'n to Def. Mot. Summ. J. 1.)

## II.    STANDARD OF REVIEW

Summary judgment is appropriate if the parties' statements of material fact and record citations indicate no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. When a plaintiff moves for summary judgment on its claims, the plaintiff has the burden of establishing each element of its claims without dispute as to any material fact in the record. *Cach, LLC v. Kulas*, 2011 ME 70, ¶ 8, 21 A.3d 1015. If the plaintiff's motion for summary judgment is properly supported, the burden shifts to the defendant to respond with specific facts indicating a genuine issue for trial. M.R. Civ. P. 56(e).

"Cross motions for summary judgment neither alter the basic Rule 56 standard, nor warrant the grant of summary judgment *per se.*" *Remmes v. Mark Travel Corp.*, 2015 ME 63, ¶ 19, 116 A.3d 466 (internal citation and quotation marks omitted). The court reviews the record for each motion for summary judgment separately in the light most favorable to the non-moving party. *Blue Star Corp. v. CKF Props., LLC*, 2009 ME 101, ¶ 23, 980 A.2d 1270. Thus, on a cross-motion for summary judgment by a defendant, the defendant must still demonstrate there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. M.R. Civ. P. 56(c). If the defendant's cross-motion for summary judgment is properly supported, the burden shifts to the plaintiff to respond with specific facts indicating a genuine issue for trial in order to avoid summary judgment. M.R. Civ. P. 56(e).

In this case, the material facts are not in dispute, and the parties have filed a Joint Stipulated Record for Dispositive Motions. (*See* J.S.R. 1.) The parties' cross-motions for summary judgment do not seek to resolve whether there is a dispute of fact for trial. Rather, the parties' cross-motions for summary judgment ask the court to determine the correct interpretation of the settled facts as a matter of law. *See Enerquin Air v. State Tax Assessor*, 670 A.2d 926, 927 (Me. 1996).

The parties dispute whether Defendant is obligated under the insurance policy to defend Plaintiff in the underlying lawsuit brought against Plaintiff. (Pl. Mot. Summ. J. 1; Def. Mot. Summ. J. 1.) Whether an insurer has a duty to defend a policyholder under an insurance policy is a question of law. *Mitchell v. Allstate Ins. Co.*, 2011 ME 133, ¶ 8, 36 A.3d 876. Summary judgment is an appropriate device for isolating such dispositive questions of law. *Magno v. Town of Freeport*, 486 A.2d 137, 141 (Me. 1985).

## III.   ANALYSIS

An insurer's duty to defend is broader than the duty to indemnify. *Mitchell*, 2011 ME 133, ¶ 10, 36 A.3d 876 (citation omitted). To determine whether an insurer has a duty to defend a policyholder, the court conducts a comparison test. *Id.* The court considers only the underlying complaint and the policy and compares the allegations of the underlying complaint with the coverage provided in the insurance policy. *Id.* ¶ 9 (citation omitted). "[A]n insurer must provide a defense if there is any *potential* that facts ultimately proved could result in coverage," *Id.* ¶ 10 (emphasis in original) (citation omitted).   Although an insurer's duty to defend is broad, an insurer may refuse to defend a policyholder if the allegations in the complaint fall entirely within a policy exclusion. *Id.* ¶ 13. Any ambiguity in the policy regarding the insurer's duty to defendant must be resolved against the insurer, and policy exclusions are construed strictly against the insurer. *Id.* ¶ 11 (citation omitted).

The parties' cross-motions for summary judgment raise two disputes regarding whether Defendant owed Plaintiff a duty to defend. First, whether the underlying complaint states allegations that could potentially result in coverage under the Commercial General Liability Coverage. (Pl. Mot. Summ. J. 3; Def. Mot. Summ. J. 7-8.) Second, whether an endorsement removing the Assault And Battery Exclusion from the Liquor Liability Coverage under the Policy applies to the underlying complaint. (Pl. Mot. Summ. J. 19-20; Def. Mot. Summ. J. 3-4.)

A.   Commercial General Liability Coverage

The Policy provided Plaintiff with coverage of claims for bodily injury and property damage. (J.S.R. ¶ 4 Ex. A at POL 022.) The Policy's Commercial General Liability Coverage unambiguously states:

> [The insurer] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. [The insurer] will have the right and duty to defend the insured against any "suit" seeking those damages.

(*Id.*) However, the Policy's Commercial General Liability Coverage also contains an unambiguous Assault and Battery Exclusion, which states:

> This insurance does not apply to: Any claim, demand or "suit" based upon any actual or alleged "assault" or "battery", or out of any act or omission in connection with the prevention of suppression of any "assault" or "battery", including the use of reasonable force to protect persons or property whether caused by or at the instigation or direction of an insured, its "employees", agents, officers or directors, patrons or any other person. Further, no coverage is provided for any claim, demand or "suit" in which the underlying operative facts constitute "assault" or "battery".

(*Id.* at PLO 042.) The exclusion applies to all "bodily injury" and "property damage" sustained by any person and includes any "assault" or "battery" arising out of or caused by a failure to report or protect a person and any acts or omissions by the insured or its agents. (*Id.*)

Plaintiff argues that Mr. Beaulieu's complaint contains negligence allegations that do not fall within the Assault and Battery Exclusion. (Pl. Mot. Summ. J. 3-4.) Plaintiff asserts that Mr. Beaulieu is suing it for allegedly breaching a general duty of care owed to Mr. Beaulieu and creating "a dangerous circumstance on its premises." (*Id.*) Plaintiff speculates that it could be liable to Mr. Beaulieu for any number of dangerous conditions or negligent acts that contributed to his injuries, such as a foreign substance on the floor, a hidden defect on the premise, or for negligently using a device or exit in escorting Mr. Beaulieu from the premise. (*Id.* at 8-9.)

Plaintiff points to no facts alleged in the complaint that, if proven, would result in coverage under the Commercial General Liability Coverage. Rather, Plaintiff relies on speculation about possible negligence claims that Mr. Beaulieu might have or could have brought that would result in coverage.

Contrary to Plaintiff's contentions, Mr. Beaulieu's complaint contains no allegations of negligence other than those related to the alleged assault and battery. Mr. Beaulieu's complaint clearly alleges that Plaintiff breached its duty of care by failing to call the police or otherwise prevent the assault and by creating a "dangerous circumstance on the premises." (J.S.R. ¶ 6 Ex. B. ¶¶ 6-8.) The only "dangerous circumstance" alleged by Mr. Beaulieu is the one allegedly created by Plaintiff ejecting Mr. Beaulieu and the assailants from the premise at the same time, resulting in further violence. (*Id.* ¶¶ 8-9.) These allegations clearly fall within the unambiguous Assault and Battery Exclusion. There are no other allegations in the complaint that, if proven, would give rise to other causes of actions that would be covered by the Commercial General Liability Coverage. Therefore, Defendant has no duty to defend Plaintiff from Mr. Beaulieu's complaint under the Commercial General Liability Coverage in the Policy.

B.      The Endorsement Removing the Assault and Battery Exclusion from the Liquor Liability Coverage

The Policy also contains Liquor Liability Coverage, which provides:

[The insurer] will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage. [The insurer] will have the right and duty to defend the insured against any "suit" seeking those damages.

(J.S.R. ¶ 4 Ex. A at POL 104.)  The Liquor Liability Coverage also contains a similar Assault and Battery Exclusion, which excludes Liquor Liability Coverage for any "claim, demand, or 'suit' based on 'assault' or 'battery', or out of any act or omission in connection with the prevention or suppression of an 'assault' or 'battery',..." (*Id.* at POL 117.)

Prior to expiration of the Policy, the parties executed Endorsement #1 which amended the Policy and added assault and battery coverage to the Liquor Liability Coverage and effectively eliminated the Assault and Battery Exclusion from the Liquor Liability Coverage. (*Id.* at POL 002.)  Endorsement #1 states that it was "effective on 1/23/2014 at 12:01 A.M." (*Id.*)

Defendant argues that, because Endorsement #1 specifically states that it was effective on January 23, 2014, at 12:01 a.m., it applies only prospectively. (Def. Mot. Summ. J. 3-4.)  Thus, according to Defendant, the Assault and Battery Exclusion of the Liquor Liability Coverage still applies to Mr. Beaulieu's complaint, because it was still in effect on September 6 and 7, 2013, when Mr. Beaulieu was allegedly assaulted.[1] (*Id.*)

---

[1]   Defendant also asserts two additional arguments. First, Defendant asserts that Plaintiff was charged a *pro rata* amount of $41.00 for the additional assault and battery coverage instead of the full $362.00 premium. (Def. Mot. Summ. J. 3-4.) Defendant argues that this demonstrates the parties intended the additional assault and battery coverage to apply only prospectively for the remainder of the Policy term. (*Id.* at 4.) Reviewing only the four-corners of the endorsement, the endorsement is ambiguous on this issue.  The court cannot conclude that Plaintiff was in

Plaintiff argues that there is no language in Endorsement #1 preventing the retroactive application of additional assault and battery coverage for the entire Policy period. (Pl. Opp'n to Def. Mot. Summ. J. 5.) Plaintiff argues that, if Endorsement #1 was intended to apply only prospectively, Defendant would have included clear language to that effect in the endorsement. (*Id.*) Plaintiff also argues that because Endorsement #1 states, "All other terms and conditions of this Policy remain unchanged," the additional assault and battery coverage must apply for entire Policy period under the original terms of the Policy. (*Id.* at 5.)

The precise date and time that a modification to an insurance policy becomes effective is controlled by the intent of the parties. 2 Steven Plitt et al., *Couch on Insurance* § 25:6 at 25-8 (3d ed. 2005). Thus, a policy modification "*may* have retroactive effect *if* the parties so intend." (*Id.*) (emphasis supplied). "The general rule is that the effective date of a policy modification will be determined by the terms of the modification or a letter accompanying it." *Id.* at 25-8-9; *see also* 276 *Appleman on Insurance Law & Practice Archive* § 7605 (2d ed. 2011); *Maville v. Peerless Ins. Co.*, 141 N.H. 317, 319-20, 686 A.2d 1165, 1167 (1996).

The terms of Endorsement #1 are unambiguous and control the court's determination as to when the modification became effective. Endorsement #1 clearly

fact charged a *pro rata* share of the premium as Defendant contends. However, because the court finds that the effective a date of Endorsement #1 to be unambiguous, the court need not reach this argument.

Second, Defendant argues that any argument by Plaintiff that Endorsement #1 "creates after-the-fact coverage run directly afoul of the known loss doctrine." (Def. Mot. Summ. J. 4.) "The 'known loss' doctrine is a common law concept deriving from the fundamental requirement in insurance law that the loss be fortuitous. ... Simply put, the known loss doctrine states that one may not obtain insurance for a loss that has already taken place." *Gen. Housewares Corp. v. Nat'l Sur. Corp.*, 741 N.E.2d 408, 413 (Ind. Ct. App. 2000). Defendant concedes that Maine courts have not directly addressed the known loss doctrine. (Def. Reply to Pl. Opp'n to Def. Mot. Summ. J. 2.) *See Weaver v. Blake*, 2004 Me. Super. LEXIS 201, at *22-24 (Sept. 27, 2004). Again, because the court finds that the effective a date of Endorsement #1 to be unambiguous, the court does not reach this argument.

states it was "effective on 1/23/2014 at 12:01 A.M." (J.S.R. ¶ 4 Ex. A at POL 002.) If the parties had intended Endorsement #1 to be retroactive for the entire policy term, the endorsement would not have specifically stated it was effective on January 23, 2014, at 12:01 a.m. Thus, the Assault and Battery Exclusion to the Policy's Commercial General Liability Coverage was effective on September 6 and 7, 2013, when Mr. Beaulieu was allegedly assaulted. For the same reasons, Mr. Beaulieu's claims against Plaintiff also fall completely within the Assault and Battery Exclusion of the Liquor Liability Coverage.

Because Defendant had no duty to defend Plaintiff under either the Commercial General Liability Coverage or the Liquor Liability Coverage in the Policy, Defendant is entitled to judgment as a matter of law.

## IV. CONCLUSION

Based on the foregoing, Defendant United States Liability Insurance Company owes Plaintiff Barnie's Bar & Grill, Inc. no duty to defendant against Maurice Y. Beaulieu's complaint.

Plaintiff Barnie's Bar & Grill, Inc.'s motion for summary judgment is denied.

Defendant United States Liability Insurance Company's motion for summary judgment is granted.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 2/23/16

MaryGay Kennedy
Justice, Superior Court

BARNIES BAR AND GRILL INC - PLAINTIFF

Attorney for: BARNIES BAR AND GRILL INC
MARC N FRENETTE  - RETAINED
TRAFTON MATZEN BELLEAU & FRENETTE
TEN MINOT AVENUE
AUBURN ME 04210

vs
UNITED STATES LIABILITY INSURANCE COMPANY - DEFENDANT

Attorney for: UNITED STATES LIABILITY INSURANCE COMPANY
ROBERT C HATCH  - RETAINED 04/01/2015
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No  AUBSC-CV-2015-00036

**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 03/11/2015

## Docket Events:

03/11/2015 FILING DOCUMENT - COMPLAINT FILED ON 03/11/2015

03/11/2015 Party(s):  BARNIES BAR AND GRILL INC
          ATTORNEY - RETAINED ENTERED ON 03/11/2015
          Plaintiff's Attorney: MARC N FRENETTE

03/23/2015 Party(s):  UNITED STATES LIABILITY INSURANCE COMPANY
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 03/12/2015
          SWETT & CRAWFORD OF MAIN INC THROUGH A DROP SERVICE

03/23/2015 Party(s):  UNITED STATES LIABILITY INSURANCE COMPANY
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 03/23/2015

03/23/2015 Party(s):  UNITED STATES LIABILITY INSURANCE COMPANY
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 03/18/2015
          MAINE BUREAU OF INSURANCE THROUGH THOMAS RECORD

03/23/2015 Party(s):  UNITED STATES LIABILITY INSURANCE COMPANY
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 03/23/2015

04/02/2015 Party(s):  UNITED STATES LIABILITY INSURANCE COMPANY
          RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 04/01/2015

04/02/2015 Party(s):  BARNIES BAR AND GRILL INC
          ATTORNEY - RETAINED ENTERED ON 04/01/2015

04/06/2015 ORDER - SCHEDULING ORDER ENTERED ON 04/06/2015
          MARYGAY  KENNEDY , JUDGE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL

04/06/2015 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 12/06/2015