Rockingham
No. 94-303

LEONARD F. AND JUDITH R. HALLISEY

v.

DECA CORPORATION

November 15, 1995

*Law Office of David M. Groff,* of Pelham (*David M. Groff* on the brief and orally), for the plaintiffs.

*Law Office of Mark B. Johnson,* of Andover, Massachusetts (*Mark B. Johnson* on the brief and orally), for the defendant.

BATCHELDER, J. The plaintiffs, Leonard F. and Judith R. Hallisey, appeal the decision of the Superior Court (*Goode*, J.) that res judicata barred their suit against the defendant, DECA Corporation. We reverse and remand.

In 1989, the plaintiffs entered into an agreement to purchase two lots of land in a subdivision in Derry from the defendant. The $110,000 purchase price included $10,000, or $5,000 per lot, specifically designated for site preparation work. When the site work was not completed in a timely fashion, the plaintiffs sued the defendant

and James V. DeCarolis, its president and treasurer. After suit was filed but prior to trial, the defendant filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code. As a result, the parties agreed to proceed against DeCarolis only. Following a jury-waived trial, the Trial Court (*Conboy*, J.) awarded the plaintiffs $10,000, the amount earmarked for the unperformed site work, plus interest and costs. In denying the plaintiffs' request for rescission, the court ruled that "under the circumstances of this case — where the seller of the property is in bankruptcy and the case was tried only against the individual defendant on his contractual liability — rescission is inappropriate."

Following the trial against DeCarolis, the defendant's bankruptcy case was dismissed. The plaintiffs then reinstituted their suit against the defendant. The defendant objected and moved for summary judgment, arguing that collateral estoppel barred the plaintiffs' claim. The Trial Court (*Gray*, J.) denied the motion.

At a pretrial conference, the Trial Court (*Goode*, J.) *sua sponte* raised the issue of res judicata as a bar to the plaintiffs' suit and subsequently dismissed the case on that ground. This appeal followed.

We need not determine whether the trial court properly raised res judicata *sua sponte*. *See Exeter Hospital v. Hall*, 137 N.H. 397, 399-400, 629 A.2d 88, 89-90 (1993) (holding, under district and municipal court rules, that judge may raise affirmative defense *sua sponte* as "justice may require"). Even if the affirmative defense was properly raised by the trial court, res judicata does not bar the plaintiffs' suit.

"Spurred by considerations of judicial economy and a policy of certainty and finality in our legal system, the doctrine[] of res judicata . . . [has] been established to avoid repetitive litigation so that at some point litigation over a particular controversy must come to an end." *Eastern Marine Const. Corp. v. First Southern Leasing*, 129 N.H. 270, 273, 525 A.2d 709, 711 (1987) (quotation omitted).

> The doctrine of estoppel by judgment, or *res judicata*, as a practical matter, proceeds upon the principle that one person shall not a second time litigate, with the same person or with another so identified in interest with such person that he represents the same legal right, precisely the same question, particular controversy, or issue, which has been necessarily tried and finally determined, upon its merits, by a court of competent jurisdiction, in a judgment *in personam* in a former suit.

*United States v. California Bridge Co.*, 245 U.S. 337, 341 (1917). Whether a claim is barred by res judicata is determined on a case by case basis. *Gerrard v. Larsen*, 517 F.2d 1127, 1135 (8th Cir. 1975).

■ The defendant maintains that res judicata is appropriate because it remained a party to the action against DeCarolis even though it was in bankruptcy at the time. Whether it remained a party or was severed from the action, res judicata does not apply.

The record suggests that the defendant remained a party to the action against DeCarolis. The court did not proceed with the claim against the defendant corporation once it had initiated bankruptcy proceedings, however, because of the automatic stay a bankruptcy filing provides. *See* 11 U.S.C. § 362(a)(1) (1994); *In re Replogle*, 929 F.2d 836, 837 n.1 (1st Cir. 1991) (automatic stay meant that foreclosure decision was not res judicata as to bankrupt who remained a party). Consequently, no final judgment against the corporation could have been entered upon which res judicata could be grounded. *Cf. Germain v. Germain*, 137 N.H. 82, 84, 623 A.2d 760, 761 (1993) (where judgment entered with respect to some but not all parties, appeal of order is generally interlocutory); *Petition of Donovan d/b/a Donovan Group Home*, 137 N.H. 78, 81, 623 A.2d 1322, 1324 (1993) (res judicata improper where no final judgment because appeal pending).

The defendant would not have fared better even if its bankruptcy had the effect of constructively bifurcating the proceedings. *See Germain*, 137 N.H. at 84, 623 A.2d at 761. In that case, the defendant would no longer have been a party to the action against DeCarolis. Consequently, it would have been bound only if it was in privity with DeCarolis. *See Waters v. Hedberg*, 126 N.H. 546, 549, 496 A.2d 333, 335 (1985). "While it is commonly recognized that privity is difficult to define, the concept exists to ensure that the interests of the party against whom . . . res judicata is being asserted have been adequately represented because of his [or her] purported privity with a party at the initial proceeding." *Commissioner v. Conn. Bldg. Wrecking Co.*, 629 A.2d 1116, 1126 (Conn. 1993) (quotation and brackets omitted); *see also Daigle v. City of Portsmouth*, 129 N.H. 561, 571, 534 A.2d 689, 694 (1987) (privity in estoppel context described as one of "virtual representation" and "substantial identity"). No bright line rule as to whether a corporation is in privity with an individual officer exists. *Conn. Bldg. Wrecking Co.*, 629 A.2d at 1126.

■ A judgment in an action against a corporate officer does not generally have preclusive effect on the corporation itself. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 59 (1980); *cf. Indus-*

*trial Park Corp. v. U.S.I.F. Palo Verde Corp.*, 547 P.2d 56, 60-61 (Ariz. Ct. App. 1976) (judgment against corporate defendant not res judicata against principal stockholder as individual). The general rule, however, may be subject to an exception for closely held corporations. RESTATEMENT (SECOND) OF JUDGMENTS § 59 comment *e* at 99. Nevertheless, the defendant's bankruptcy at the time of the earlier proceeding extinguished any presumption that the interests of the defendant and DeCarolis so coincided at the time of the earlier proceeding that the judgment against one should have preclusive effect against the other. Consequently, the defendant cannot employ privity to shield itself from the plaintiffs' suit.

 Although the plaintiffs successfully recovered from DeCarolis the $10,000 earmarked for the site work that was never completed, they also sought rescission of the contract. The contract, however, provides rescission as a remedy against the defendant only. Indeed, the trial court specifically ruled that "under the circumstances of this case — where the seller of the property is in bankruptcy and the case was tried only against the individual defendant on his contractual liability — rescission is inappropriate." Accordingly, the plaintiffs have not been afforded an opportunity to obtain the relief they seek. Res judicata does not preclude their attempt to procure that relief against the defendant here.

*Reversed and remanded.*

BATCHELDER, J., retired, sat by special assignment under RSA 490:3; all concurred.