Merrimack
No. 97-633

KENNETH E. BLEVENS, SR. & a.

v.

TOWN OF BOW

March 1, 2001

68

*Laboe & Collins, P.L.L.C.*, of Concord (*John E. Laboe* on the brief and orally), for the plaintiffs.

*Upton Sanders & Smith*, of Concord (*Gary B. Richardson* and *Lauren S. Irwin* on the brief, and *Ms. Irwin* orally), for the defendant.

HORTON, J., retired, specially assigned under RSA 490:3. The plaintiffs, Kenneth E. Blevens, Sr., and his sons, Christopher J. Blevens and Kenneth E. Blevens, Jr., appeal, and the defendant, the Town of Bow (town), cross-appeals, various orders of the Superior Court (*McGuire*, J.), including the court's order dismissing the plaintiffs' writ. We affirm.

This case is the most recent in a series of cases regarding the division of the plaintiffs' land. In 1977, Blevens, Sr., received approval for a subdivision of his property. The subdivision plat plan set out four smaller lots and a large area of "back land." The property was originally purchased by Blevens, Sr., as three separate parcels.

In 1991, Blevens, Sr., without seeking subdivision approval from the town, entered into a boundary line agreement with himself to create two new lots out of the "back land" area. He conveyed the resulting lots to his sons. On November 15, 1991, counsel for the town wrote a letter to the plaintiffs stating that, in counsel's opinion, the boundary line agreement was without legal effect and the conveyances violated town subdivision regulations. The letter also advised the plaintiffs that if they did not reconvey the property "to create a single lot" the town would file suit.

In 1992, the town brought suit against the plaintiffs for creating an illegal subdivision. It argued that the 1977 subdivision plat consolidated the remnants of two of the historical parcels in the "back land" area into a single parcel. The superior court ruled that the plaintiffs had created an illegal subdivision because the 1991 boundary line agreement failed to follow the historical lot lines. The court expressly declined to rule on the lot consolidation issue raised by the town. Both parties appealed, and we summarily affirmed the trial court on the merits but ordered the imposition of statutory fines, leaving the possibility of suspension of the fines to the trial

court's discretion. On remand, the trial court, noting that the plaintiffs had failed to reconvey the lots, ordered them to pay statutory fines, some of which were suspended, and to reconvey the lots within thirty days. When the plaintiffs failed to reconvey the lots, the court found them in contempt, imposed additional fines and ordered them to reconvey within three days or show cause why they were not in further contempt. The plaintiffs reconveyed the lots on the third day.

Following an unsuccessful attempt to collect money damages and resolve the consolidation issue in federal court in 1994, the plaintiffs filed a new State action in 1996. The 1996 writ alleged four counts: (1) unlawful taking of property; (2) slander of title; (3) violation of due process rights; and (4) recovery of attorney's fees. The plaintiffs requested a jury trial "on all issues triable to a jury."

The parties filed a series of pretrial motions. The trial court denied the plaintiffs' motion to recuse the court for bias. It also denied two of the town's motions to dismiss that alleged: (1) that the "back land" was consolidated as a matter of law as a result of the 1977 subdivision; and (2) failure to exhaust administrative remedies. The court granted the town's motion to dismiss part of the fourth count, relating to recovery of attorney's fees, as barred by res judicata. Finally, it granted the town's motion to dismiss the entire writ, ruling that: (1) the plaintiffs were precluded from recovering monetary damages prior to their reconveyance of the property illegally conveyed to the sons; and (2) the plaintiffs had not sought a ruling on the consolidation issue, a necessary predicate to a jury award for the alleged taking. The plaintiffs now appeal the court's refusal to recuse itself, its partial dismissal of the claim for attorney's fees, and its dismissal of the writ. The town cross-appeals the court's denial of its motions to dismiss based on the consolidation of the subject lots as a matter of law and the failure of the plaintiffs to timely appeal an administrative decision under RSA 677:15 (1996).

■ We first address the plaintiffs' argument that the trial court erred in declining to recuse itself.

> Whether an appearance of impropriety exists is determined under an objective standard, *i.e.*, would a reasonable person, not the judge herself, question the impartiality of the court. The test for the appearance of partiality is an objective one, that is, whether an objective, disinterested observer, fully informed of the facts, would entertain significant doubt that justice would be done in the case.

*Taylor-Boren v. Isaac*, 143 N.H. 261, 268 (1998) (quotations, citations and brackets omitted). A trial court is *per se* disqualified due to the probability of unfairness "when [the court] has become personally embroiled in criticism from a party before [it]." *State v. Martina*, 135 N.H. 111, 121 (1991) (quotation omitted). The party claiming bias "must show the existence of bias, or such likelihood of bias, or an appearance of bias that the judge is unable to hold the balance between vindicating the interests of the court and the interests of [a party]." *State v. Fennelly*, 123 N.H. 378, 384 (1983) (quotation omitted).

The plaintiffs argue that the trial judge should have recused herself for bias "evident from the ire occasionally directed at the plaintiffs and the repeated spontaneous arguments made from the bench for the benefit of the [town]." The plaintiffs identify two instances in which the court allegedly demonstrated bias. They first point to the April 5, 1996 hearing on remand, when the court imposed additional fines and ordered the plaintiffs to reconvey within three days or show cause why they were not in further contempt. According to the plaintiffs, the trial court "became visibly angry that the [p]laintiffs had the temerity to say that her [o]rders were confusing, recessed the hearing, and within approximately 15 minutes generated an [o]rder holding each of the [p]laintiffs in contempt." (Emphasis omitted.) A review of the April 5, 1996 transcript reveals none of the anger or *sua sponte* support of the town's position alleged by the plaintiffs. While the plaintiffs were found in contempt as a result of this hearing, the transcript clearly indicates that the contempt finding was based upon the plaintiffs' failure to follow an earlier court order and was not "motivated by ire."

The plaintiffs also point to the August 5, 1996 hearing on their motion to disqualify opposing counsel as an illustration of the trial court's bias. As the plaintiffs have failed to provide a copy of the transcript of that hearing, we decline to consider the plaintiffs' argument based thereon. *See* SUP. CT. R. 13(3); *Cook v. CIGNA Ins. Co.*, 139 N.H. 486, 488 (1995).

█ The remainder of the plaintiffs' argument rests on actions by the trial court that were part of the court's duties in making decisions regarding matters before the court. The plaintiffs offer no additional evidence to show that the trial court's actions were influenced by the existence of partiality, criticism by a party or improper influence. The plaintiffs have failed to show how the court became personally embroiled in criticism from a party before it or

to demonstrate bias such that an objective, disinterested observer fully informed of the facts would doubt that justice was done. *See Martina*, 135 N.H. at 121; *Taylor-Boren*, 143 N.H. at 268. Review of the transcript fails to reveal any obvious anger on the part of the judge or any suggestion by the plaintiffs that they were troubled by the judge's demeanor. Nor does it reveal *sua sponte* support by the judge for the town's position.

We next address the plaintiffs' appeal of the trial court's dismissal of their writ. Specifically, the plaintiffs challenge the court's rationale that they had not sought a ruling on the consolidation issue, such ruling being "a necessary predicate to any jury award of damages for an unconstitutional taking of property." We discern two arguments advanced in support of their appeal. First, they argue that the trial court's determination denied them a right to a jury trial on all issues. According to the plaintiffs, the trial court erred in concluding that the consolidation issue was a matter to be decided by the court rather than by a jury. Second, they argue that, even if the consolidation issue is equitable in nature, the trial court erred in dismissing the entire case, including the issues upon which the plaintiffs were entitled to jury determinations. As these issues are intertwined, we will address them together.

The plaintiffs argue that their takings claim is in the nature of an inverse condemnation action, to which they are entitled to a jury trial under our holding in *Sundell v. Town of New London*, 119 N.H. 839 (1979). They contend that the consolidation alleged by the town burdens the remnants of one of the historical lots because "[i]ts alienation and use as a separate lot can occur only if it is grandfathered as an historically free standing, non-merged parcel." They argue "that governmental action which substantially interferes with or deprives a person of the use of his property, in whole or in part, may constitute a taking, even if the land itself is not taken," *see Sundell*, 119 N.H. at 845, and that a takings claim is "essentially a tort action" entitling them to a jury. The plaintiffs further argue that under *First Lutheran Church v. Los Angeles County*, 482 U.S. 304 (1987), they have the right to pursue compensation without seeking a prior determination on the consolidation issue.

The plaintiffs' reliance upon *Sundell* and *First Lutheran Church* is misplaced. In both cases the claims involved the defendants' interference with the plaintiffs' use of their properties, *see Sundell*, 119 N.H. at 846; *First Lutheran Church*, 482 U.S. at 311, 313, thus giving rise to claims for remedies at law. The record in this case, however, reveals a dispute over whether Blevens, Sr., voluntarily

consolidated his lots as part of his 1977 subdivision. There are no allegations of physical interference or claims to a possessory interest in the land on the part of the town. This consolidation dispute, alleging restrictions on the plaintiffs' ability to convey their land along historical boundary lines, therefore, is in the nature of a cloud on the plaintiffs' title, giving rise to exclusively equitable remedies. *See Dowd v. Gagnon*, 104 N.H. 360, 362-63 (1962); RSA 498:5-a (1997); *Humble Oil & Refining Co. v. Sun Oil Co.*, 191 F.2d 705, 712-13 (5th Cir. 1951), *cert. denied*, 342 U.S. 920 (1952). Therefore, the conclusion, implicit in the trial court's dismissal, that the consolidation issue was equitable in nature, was correct.

■ ■ A party has no constitutional right to a jury trial of an equitable issue. *See McElroy v. Gaffney*, 129 N.H. 382, 386 (1987). "Although the trial court has the discretion to impanel an advisory jury in such proceedings, it is not required to do so. The decision to grant or deny a request for a jury in these circumstances rests in the sound exercise of the trial court's discretion." *Lussier v. N.E. Power Co.*, 133 N.H. 753, 758 (1990) (citation omitted). Also within the trial court's sound discretion are determinations of whether to bifurcate, *see Panas v. Harakis & K-Mart Corp.*, 129 N.H. 591, 607 (1987), or sever, *see Morley v. Clairmont*, 110 N.H. 12, 14 (1969), the issues before it. *See generally* 5 R. WIEBUSCH, NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE §§ 42.07-42.08, at 270-72 (1998). "[T]he manner and timing of the trial of all or part of the issues in an action is a question of justice and convenience within the discretion of the trial judge[, whose] findings will not be disturbed in the absence of a showing of abuse." *Jamestown Mut. Ins. Co. v. Meehan*, 113 N.H. 639, 641 (1973) (citation omitted).

■ Finding, on the record before us, no abuse of the trial court's discretion, we will not set aside its decision to require a separate determination of the lot consolidation issue prior to hearing the plaintiffs' takings claim. Implicit in our holding is our determination that the court's dismissal was without prejudice to the plaintiffs' ability to bring an equitable action to determine the consolidation issue, with the takings claim to be revived if the plaintiffs prevail on the equitable issue.

■ Although we have upheld the dismissal of the plaintiffs' writ, we address two final issues in the interest of judicial economy, as they are likely to arise in further litigation between the parties. *See*

*Riverwood Commercial Prop's v. Cole*, 138 N.H. 333, 337 (1994). First, the town argues that the town counsel's November 15, 1991 letter "advising the Plaintiffs of the Planning Board's position on the consolidation/conveyance issue" was a "decision of the planning board concerning . . . subdivision" within the meaning of RSA 677:15, I, and, therefore, had to have been appealed within thirty days. RSA 677:15, I. We conclude that the letter in question, voicing "[town counsel's] opinion that the so-called boundary line agreement is without legal [e]ffect and that these conveyances are illegal" is not a decision of the planning board, particularly on the issue of consolidation. *Cf. Totty v. Grantham Planning Board*, 120 N.H. 388, 389 (1980) (conditional approval of subdivision plan not a "decision of the planning board" when it does not constitute a final order, create any substantive rights, constitute approval of the final plat, require that the board give final approval, or authorize any construction or development) (decided under prior law). Indeed, the only reference, oblique as it may be, to the question of consolidation is counsel's warning that "if this property is not immediately reconveyed to create a single lot, suit will be filed." The trial court's denial of the town's motion to dismiss on that basis was proper.

Finally, we turn our attention to the plaintiffs' contention that the trial court erred in dismissing their claim for attorney's fees as res judicata. "Spurred by considerations of judicial economy and a policy of certainty and finality in our legal system, the doctrine of res judicata has been established to avoid repetitive litigation so that at some point litigation over a particular controversy must come to an end." *Hallisey v. DECA Corp.*, 140 N.H. 443, 444 (1995) (quotations, brackets and ellipsis omitted). "Under res judicata, a final judgment by a court of competent jurisdiction is conclusive upon the parties in a subsequent litigation involving the same cause of action. The term 'cause of action' is defined as the right to recover, regardless of the theory of recovery." *Marston v. U.S. Fidelity & Guaranty Co.*, 135 N.H. 706, 710 (1992) (emphasis, citations and quotations omitted).

The plaintiffs argue that the trial court erred in dismissing count four of their writ seeking the recovery of legal fees. We do not, however, construe the trial court's order as dismissing all of count four. Rather, in its order granting the town's motion to dismiss part of count four, the trial court limited the dismissal "to the extent that it is based on [the town's] failure to withdraw its cross-appeal . . . in prosecuting the prior case."

In the 1992 case, the plaintiffs appealed, and the town cross-appealed, the decisions of the trial court. The cross-appeal requested the award of statutory fines and penalties for the plaintiffs' violation of the zoning and subdivision laws. In its motion for summary affirmance, the town stated that it would withdraw the cross-appeal if the plaintiffs' appeal was summarily affirmed, which subsequently occurred. The town, however, changed its position on withdrawal and proceeded to litigate the cross-appeal. The case was remanded by order, and the plaintiffs were assessed statutory fines by the trial court. Following the town's decision to proceed with its cross-appeal in the 1992 case, the plaintiffs moved for attorney's fees based upon "the unnecessary expense caused by the need to defend against a cross-appeal after November 17, 1993, the day that the [town] broke its promise to this Court." That motion was denied.

█ Count four of the 1996 writ, when viewed in conjunction with the plaintiffs' pretrial statement and argument to the trial court, seeks the recovery of fines and costs assessed on remand in the prior State action as well as past and ongoing legal fees. To the extent that the plaintiffs seek to recover the fines and costs assessed on remand, their claim is barred by res judicata. *See Hallisey*, 140 N.H. at 444. The plaintiffs' recourse for challenging those assessments was limited to a motion for reconsideration and appeal in the prior proceeding. Likewise, to the extent that the plaintiffs are now seeking to recover their legal fees expended in defense of the prior cross-appeal and on the subsequent remand, their claim is also barred by res judicata. *See id.* In affirming the partial dismissal of this count, however, we do not comment on the viability of the remaining portion of the plaintiffs' claim for attorney's fees.

Because we uphold the trial court's dismissal of the action, it is unnecessary for us to address the town's argument that the lots were consolidated in 1977 as a matter of law. The parties' remaining arguments, following a review of the record, are without merit and warrant no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322 (1993).

*Affirmed.*

THAYER, J., sat for oral argument but resigned prior to the final vote; BROCK, C.J., and BRODERICK, NADEAU and DALIANIS, JJ., concurred; NADEAU and DALIANIS, JJ., took part in the final vote by consent of the parties.