**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0818, <u>Kenneth E. Blevens, Sr. v. Town of Bow</u>, the court on June 22, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Kenneth E. Blevens, Sr., appeals an order of the Superior Court (<u>McNamara</u>, J.) granting summary judgment to the respondent, the Town of Bow, on his petition seeking to restore historic lots that he claims the town "involuntarily merged" through certain actions that are described in <u>Blevens v. Town of Bow</u>, 146 N.H. 67, 68-69 (2001). <u>See</u> RSA 674:39-aa, II (Supp. 2014) (describing procedure for restoring lots that have been involuntarily merged by a municipality prior to September 18, 2010). In granting summary judgment, the trial court ruled that the petitioner had voluntarily merged the lots by conduct indicating that he regarded the lots as merged. <u>See</u> RSA 674:39-aa, I(c) (Supp. 2014); <u>Town of Newbury v. Landrigan</u>, 165 N.H. 236, 239 (2013). Specifically, the trial court concluded that the petitioner had treated his original lots as a single lot by the manner in which he had subdivided them several times in the 1970s, and by the manner in which he had attempted in 1991 to convey the remaining land that he had retained. On appeal, the petitioner and <u>amici</u> <u>curiae</u> raise several arguments challenging the trial court's ruling, including arguments that the trial court disregarded evidence that the petitioner did not intend to merge the lots, that there is no instrument describing the petitioner's remaining land as a single lot, and that the town lacked authority in 1991 to challenge the manner in which he had attempted to convey his remaining land.

As the appealing party, the petitioner has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the petitioner's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the petitioner has not demonstrated reversible error. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**