# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0190, <u>Matthew Benoit v. ARNE, LLC</u>, the court on December 7, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, ARNE, LLC (ARNE), appeals orders of the Circuit Court (<u>Kent</u>, R., approved by <u>Lyons</u>, J.) that: (1) denied its motion to vacate a default judgment in the amount of $5,000 plus interest and costs entered in favor of the plaintiff, Matthew Benoit, on a small claim complaint; and (2) granted Benoit attorney's fees associated with his defense of a related lawsuit brought by ARNE in superior court (<u>ARNE II</u>). We affirm the denial of the motion to vacate the default judgment, but reverse the award of attorney's fees.

Benoit commenced this litigation by filing his small claim complaint on March 21, 2018, seeking a final payment of $5,000 pursuant to a framing subcontract. He asserted that the payment was due upon the completion of an inspection, that ARNE's agent, Raymond Donahue, had "repeatedly lied to [him] about speaking with the building inspector to set up the inspection," and that Benoit himself had "confirmed with the building inspector that he has never been contacted for an inspection." Pursuant to RSA 503:6 (Supp. 2019), the trial court served ARNE by mailing written notice of the claim to Donahue on March 26, 2018. <u>See</u> RSA 503:6, I; <u>Dist. Div. R.</u> 4.2(a). Evidence in the record establishes that, as early as March 29, 2018, three days after service, Donahue sent a text message to the building inspector stating that Donahue "had been sued" by Benoit, and that Benoit had claimed "in court documents" both that Donahue had "lied to him . . . [that Donahue] couldn't get a framing inspection," and that Benoit "had spoken to you and you were willing to do it." The record does not indicate that the notice was returned as undelivered. <u>See</u> RSA 503:6, III (requiring "service . . . as in all other actions at law" <u>only</u> if the notice is returned as undelivered); Dist. Div. R. 4.3(b).

ARNE did not respond to the small claim, and on April 27, 2018, the trial court entered default in favor of Benoit in the amount of $5,000 plus interest and costs. <u>See</u> RSA 503:6, II; <u>Dist. Div. R.</u> 4.3(c). Also on April 27, the trial court mailed notice of the default to Donahue. As with the small claim notice, the notice of default was not returned as undeliverable.

Benoit subsequently moved for periodic payments of the judgment. See RSA 524:6-a (Supp. 2019). The trial court issued an order of notice for a payment hearing, which Benoit attempted to serve by certified mail on August 1, 2018, and when he was unable to confirm that Donahue had received it, the trial court issued a new order of notice, which was served in hand on October 17, 2018. See Dist. Div. R. 4.10(c) (providing that, if the defendant does not sign the return receipt on an order of notice served by certified mail, in-hand service shall be required). The order of notice required ARNE to appear at a payment hearing on November 2, 2018.

ARNE filed ARNE II in superior court on September 24, 2018, alleging that Benoit had breached the contract, and that on April 5, 2018, after the small claim had been filed, the framing work had failed inspection. ARNE failed to appear at the November 2 payment hearing in circuit court, and the circuit court issued an order stating that an arrest warrant would issue. Counsel for ARNE then filed an appearance in circuit court, and on November 6, 2018, moved to stay the circuit court case pending ARNE II. In the motion, ARNE claimed that it had "not been lawfully served with" the small claim complaint. We note that the record on appeal does not contain any affidavit or other statement signed under penalty of criminal prosecution attesting to the truth of the assertion concerning service. See Dist. Div. R. 1.8(B).

On November 7, 2018, counsel for Benoit entered appearances for him in both matters, and moved to dismiss ARNE II on the basis that it was barred by the default judgment rendered in the small claim. See Osman v. Gagnon, 152 N.H. 359, 362 (2005). In the motion to dismiss, Benoit specifically argued that ARNE II was "an evasive litigation tactic amounting to an act of bad faith," and requested an award of attorney's fees pursuant to Harkeem v. Adams, 117 N.H. 687 (1977). On December 5, 2018, the superior court granted the motion to dismiss ARNE II, but did not expressly rule on the attorney's fees request.

On the following day, ARNE filed a motion in the circuit court to vacate the default judgment, claiming that Benoit's final $5,000 payment was not due until his work had passed inspection, and that his work had failed inspection on April 5, 2018. Thus, ARNE claimed that Benoit had "either lied, or misrepresented the situation in his" March 26, 2018 small claim complaint. ARNE further argued that the complaint failed to state a claim upon which relief could be granted, and that Donahue "did not believe he had been properly served with a viable Complaint." As to the latter claim, the motion stated that "Donahue recalls that Mr. Benoit told him he was going to sue him by phone or in a TXT message," and that Benoit "failed to alert [Donahue's attorney] about the suit as instructed by Donahue." We note that the record on appeal does not contain an affidavit or other statement signed under penalty of criminal prosecution attesting to the truth of these assertions. See Dist. Div. R. 1.8(B).

2

On January 4, 2019, the circuit court denied ARNE's November 6, 2018 motion to stay, and stated that it would schedule an expedited hearing on the motion to vacate the default. The trial court held a hearing on the motion to vacate the default on March 15, 2019. Benoit asserts, and ARNE does not specifically dispute, that the trial court took offers of proof at the hearing. We note that ARNE has not provided a transcript of this hearing on appeal. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (stating that appealing party bears burden to provide record sufficient to decide issues on appeal).

The trial court denied the motion to vacate, observing that ARNE had been served by mail with both the complaint and notice of default, that such documents were "never returned to the court," and that Donahue's March 29, 2018 text exchange with the building inspector demonstrated his knowledge of the suit. The trial court rejected ARNE's argument that the complaint failed to state a claim, observing that the complaint was "clear enough to apprise the Defendant about the nature of [the] claim and the amount sought." As to ARNE's claim of "fraud," the trial court determined that the argument was essentially the same claim ARNE had asserted in ARNE II, and that while the purported "fraud" may have supported a defense or counterclaim, it did not justify vacating the default judgment.

Subsequently, Benoit moved for an award of attorney's fees, arguing in part that ARNE II was a bad faith attempt to "circumvent this court's default judgment," under Harkeem. The trial court granted the motion, reasoning that "[p]roper appeals from Small Claims are to the Supreme Court," and that the "collateral action in the Superior Court following the Small Claims decision and subsequent motions, requests and hearings in the District Court . . . was unreasonable and demonstrates bad faith." Thus, the trial court awarded Benoit "all attorney's fees and costs associated with the Superior Court action," and ordered Benoit to "submit a taxation of costs and attorney's fees."

On May 29, 2019, counsel for Benoit filed an affidavit of fees in the circuit court, asserting that Benoit had incurred $2,883.75 in attorney's fees "for . . . time billed in the superior court matter." Counsel further asserted that ARNE had appealed ARNE II, and that he would supplement the affidavit to include attorney's fees incurred in the appeal at a later date. The record reflects that ARNE timely appealed ARNE II on April 1, 2019, and that Benoit did not cross-appeal the superior court's failure to award attorney's fees. On August 8, the circuit court, sua sponte, stayed its order on attorney's fees, noting that the order "allowed the collection of . . . those [attorney's] fees connected with [ARNE's] filing of an action in the Superior Court to attack the decision in this case," and that it had learned of the ARNE II appeal.

3

On September 13, 2019, we issued our final order in ARNE II upholding the superior court's dismissal order. See ARNE, LLC v. Benoit, No. 2019-0183, 2019 WL 4861398 (N.H. Sept. 13, 2019). Benoit did not file a motion with this court seeking an award of attorney's fees incurred in the ARNE II appeal. See Sup. Ct. R. 23. On September 27, 2019, Benoit filed a motion in the circuit court to lift the August 8 stay in light of our order in ARNE II, and sought $7,818.75 of additional fees "for . . . time billed . . . in connection with [the ARNE II] appeal." Added to the $2,883.75 in fees that Benoit had previously sought, Benoit requested a total attorney's fee award of $10,702.50.

ARNE objected to the request for attorney's fees incurred on appeal and responded to the motion to lift the stay, arguing that "[i]t is simply untenable to award fees in a Small claims matter for work done in the Superior Court," that "[t]he proper forum/venue for those fees would have to have been the Superior Court not this Court," and that "neither the Superior Court nor the New Hampshire Supreme Court made any suggestion that they thought ARNE's honest, if late, attempts to achieve justice in this matter were brought in bad faith or for any improper purpose." (Bolding and footnote omitted.)

The Trial Court (Kent, R., approved by Chabot, J.) granted the requested fees. ARNE moved to reconsider, arguing in part that "[l]itigants seeking fee shifting awards must plead them and recover them in the Court having jurisdiction over the matter for which they seek fees," that in this case, Benoit would be limited to an award of attorney's fees incurred in defending the motion to vacate the default judgment, and that "the mere . . . bringing [of the motion to vacate the default] should not justify the extraordinary remedy of shifting legal fees." The trial court denied the motion, reasoning that, by pursuing ARNE II, ARNE had "pressed fruitless and bad faith litigation in the superior court over and against the . . . authority of the Circuit Court to control the small claim proceedings," that by pursuing ARNE II, ARNE had "unfairly undermined the value of [the] small claim judgment," and that the attorney's fee award was "an appropriate sanction designed to control an unreasonably obstinate defendant and to restore to Mr. Benoit the value of his small claim judgment by awarding attorney's fees he should not have incurred . . . but for ARNE's pursuit of a bad faith and fruitless suit in the superior court." With respect to ARNE's argument that the award of fees should not include fees incurred on appeal, the trial court reasoned that "the chain of bad faith did not break when ARNE filed its appeal." This appeal followed.

We first address whether the trial court erred by denying ARNE's motion to vacate the default. We will not disturb the trial court's ruling unless it erred as a matter of law or unsustainably exercised its discretion. In the Matter of Birmingham & Birmingham, 154 N.H. 51, 55 (2006). ARNE argues that the trial court erred by denying its motion to vacate the default because: (1) the trial court never held a hearing on damages under Cole v. Hobson, 143 N.H. 14

4

(1998); (2) the small claim complaint "was legally deficient" since, at the time of the complaint, no inspection had been completed; and (3) the default was allegedly obtained "by fraud."  We disagree.

In his small claim complaint, Benoit alleged that he had fully performed the contract, that ARNE was preventing a contractual requirement for his final payment of $5,000 – acceptance of the work by the building inspector – from occurring by refusing to schedule an inspection with the building inspector, and that he was, therefore, entitled to his final contract payment of $5,000. These allegations sufficiently stated a claim under the contract.  See Smith v. B., C. & M. Railroad, 36 N.H. 458, 488 (1858) (stating that a party who prevents a contractual condition from occurring cannot benefit by its nonoccurrence); cf. Birch Broad. v. Capitol Broad. Corp., 161 N.H. 192, 198-99 (2010) (upholding finding of breach of implied covenant of good faith and fair dealing based upon defendant's refusal to timely close on transaction thereby allowing the agreement to expire).  In its motion to vacate the default, ARNE agreed that, under the contract, Benoit's final payment was $5,000 and that it was due upon the building inspector's acceptance of the completed work. ARNE simply disputed that Benoit had satisfactorily performed the work, asserting that, after Benoit filed suit, his work was inspected and rejected.

As the trial court correctly observed, ARNE's allegations in its motion to vacate do not establish the sort of "fraud" necessary to vitiate a judgment, but merely establish its defense to the merits of the case.  See Conant v. O'Meara, 167 N.H. 644, 651-52 (2015); Bricker v. Sceva Speare Hosp., 115 N.H. 709, 711 (1975).  Nor do the allegations concern damages.  See Cole, 143 N.H. at 16 (upholding trial court's refusal to consider defendant's evidence at post-default hearing on damages because evidence went to liability, and not damages). Indeed, as noted above, ARNE effectively conceded that, under the contract, Benoit would be entitled to $5,000 upon satisfactory completion of the work. Finally, we note that ARNE has not provided a transcript of the offers-of-proof hearing on the motion.  See Bean, 151 N.H. at 250.  Accordingly, we assume that the evidence was sufficient to support the trial court's factual findings, including its findings establishing that ARNE was properly served with notice of the small claim by first class mail, and received the trial court's mailing, in accordance with RSA 503:6, I.  See Bean, 151 N.H. at 250.  Upon this record, we cannot conclude that the trial court's denial of the motion to vacate the default was either legally erroneous or an unsustainable exercise of discretion.

We next address whether the trial court erred by awarding attorney's fees.  ARNE argues, in part, that the circuit court erred by awarding all attorney's fees associated with ARNE II because ARNE II was "within the

5

purview of" the superior court and this court, and because neither the superior court nor this court found that ARNE II amounted to bad faith. We agree.[1]

We have held that a party's failure to request an award of attorney's fees incurred on appeal under Supreme Court Rule 23 based upon the alleged frivolous or bad faith nature of the appeal waives any claim for those fees in the trial court. LaMontagne Builders v. Brooks, 154 N.H. 252, 258-59 (2006). Moreover, we have held that res judicata applies to a trial court's ruling on a request for attorney's fees. In the Matter of Hampers & Hampers, 166 N.H. 422, 429-31 (2014); Blevens v. Town of Bow, 146 N.H. 67, 74 (2001).

Benoit did not seek an award of attorney's fees pursuant to Rule 23 in ARNE II. Accordingly, he waived any claim for an award of the attorney's fees incurred in defending the appeal on the basis of ARNE's alleged bad faith. LaMontagne, 154 N.H. at 259. Moreover, Benoit specifically sought attorney's fees from the superior court on the basis that ARNE II was brought in bad faith under Harkeem, and the superior court did not grant the request.

Contrary to Benoit's argument, the fact that the superior court did not expressly rule on his attorney's fee request does not mean that the circuit court was free to award attorney's fees associated with ARNE II. A final judgment is conclusive as to all claims that were raised or could have been raised on the basis of the factual transaction at issue. See, e.g., Finn v. Ballentine Partners, LLC, 169 N.H. 128, 147 (2016). Here, Benoit specifically requested an award of attorney's fees in his motion to dismiss ARNE II on the basis that ARNE II constituted "an evasive litigation tactic amounting to an act of bad faith" under Harkeem. Under these circumstances, we construe the superior court's failure to grant the request expressly as an implicit denial of it. See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (stating that interpretation of trial court order is a question of law, which we review de novo). Benoit's recourse, therefore, was limited to seeking reconsideration of, and appealing, the superior court's failure to grant his request. Blevens, 146 N.H. at 74.

---

[1] We note that in Benoit's circuit court motion for attorney's fees, he had initially sought an award of fees "incurred as a result of ARNE's filing of its Motion to Vacate" the default judgment in the circuit court. The trial court, however, did not award attorney's fees incurred in defending the circuit court motion to vacate, or base the award upon a finding that the motion to vacate was filed in bad faith. Rather, the trial court awarded "all attorney's fees and costs associated with the Superior Court action" based upon its finding that the "collateral action in the Superior Court . . . was unreasonable and demonstrate[d] bad faith." (Emphasis added.) Moreover, according to the affidavits submitted by Benoit's counsel, the $10,702.50 that the trial court awarded represented counsel's time "billed in the superior court matter" and "in connection with [the] appeal of the superior court order." (Emphasis added.) We note further that Benoit has not cross-appealed the trial court's failure to award attorney's fees incurred in connection with his defense of the motion to vacate the default judgment.

Accordingly, we conclude that the circuit court erred by awarding Benoit "all attorney's fees and costs associated with" ARNE II.[2]

Affirmed in part and reversed in part.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

---

[2] Because we reverse the attorney's fee award, we need not address whether awarding $10,702.50, in addition to the $5,000 judgment, exceeded the circuit court's jurisdiction, or whether the attorney's fees award amount to "costs" within the meaning of the small claim statute. See RSA 503:1, I (Supp. 2019) (defining small claim as "any right of action . . . in which the . . . damages, exclusive of interest and costs, does not exceed $10,000"); Thomas v. Crete, 141 N.H. 708, 710 (1997) (holding that district court lacked authority to award damages exceeding the small claim amount limitation of RSA 503:1, I).